MAH SHEE v. WHITE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. June 25, 1917.)

No. 2946.

1. HABEAS CORPUS ⊙═6—GRANT OF WRIT—DISCRETION.

On an application for a writ of habeas corpus by a Chinese woman, seeking admission to the country as the wife of a native-born citizen, there was no merit in the claim that the evidence was so conclusive that the District Court abused its discretion in refusing to grant the writ, where there were serious discrepancies between the testimony of the alleged husband and his statements when he applied for a return certificate before making a trip to China.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 6.]

2. ALIENS ⊙═32(13)—DEPORTATION OF CHINESE—APPEALS.

Though the fact that the immigration inspector, conducting the examination on an application of a Chinese woman to enter the country as the wife of a citizen, believed that she was the wife of the alleged husband, was entitled to consideration, it did not affect the right of the Commis-

sioner of Immigration and Secretary of Labor to decide an appeal on the merits.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 95.]

3. ALIENS ⟳32(4)—DEPORTATION OF CHINESE—IMPRISONMENT—COMMUNICATION BETWEEN ALIEN AND OTHERS.

There was no injustice in denying communication between a Chinese woman, seeking admission to the country as the wife of a citizen, and her alleged husband, pending the determination of the matter by the immigration authorities.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 93, 94.]

4. ALIENS ⟳32(4)—DEPORTATION OF CHINESE—IMPRISONMENT—COMMUNICATION BETWEEN ALIEN AND OTHERS.

The rules of the Bureau of Immigration governing the admission of Chinese provide that, after notice of appeal has been filed, the applicant's counsel shall be permitted to examine the record; that within 10 days after the excluding decision is rendered, unless further delay is required to investigate and report upon new evidence, the complete record shall be forwarded to the Secretary of Labor; and that if, on appeal, evidence in addition to that brought out at the hearing is submitted, it shall be made the subject of prompt investigation by the officer in charge and be accompanied by his report. *Held* that, as the rules contemplate the possibility of the submission of evidence in addition to that brought out at the hearing, the refusal to permit the applicant's counsel to communicate with her pending an appeal deprived her of a fair hearing, as the right to submit additional or further evidence could not be availed of, unless she could communicate with her counsel, who had examined the record and read the testimony.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 93, 94.]

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus by Mah Shee, by Chung Leong, against Edward White, as Commissioner of Immigration at the Port of San Francisco, Cal. From an order denying the writ, the petitioner appeals. Order set aside, and cause remanded, with directions.

George A. McGowan, of San Francisco, Cal., for appellant.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Mah Shee, a Chinese woman, appellant herein, applied to enter the United States at San Francisco. She claimed to be the wife of Chung Leong, a Chinaman, native citizen of the United States returning from a visit to China in August, 1916. Mah Shee came with him, and her application to enter the United States as the wife of a citizen thereof was heard before an immigration inspector under orders of the Commissioner of Immigration. After examination of the witnesses, the inspector found that the woman was the wife of Chung Leong, a native-born citizen of the United States, and he recommended that she be admitted, but this recommendation was not followed by the commissioner, who denied admission upon the ground that the statements of the applicant and her alleged husband were "wholly false."

⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On September 4, 1916, counsel for the applicant asked a reopening of the case. With this application to reopen were presented several affidavits, including one by Chung Leong, wherein he stated substantially that at his examination before the inspector certain mistakes through misunderstanding had been made by him. He set forth the particular parts which he desired to set straight in his testimony. The commissioner at San Francisco granted application to reopen the case, but wrote that the reopening would be—

"for the introducing of a supplementary report by the examining inspector as to the demeanor of the witnesses, and for a statement as to whether or not said witnesses had been previously discredited before this office. In so doing, such supplementary report, together with the affidavits which accompanied your letter first above mentioned will be considered by this office, and a new decision rendered."

The inspector made a supplementary report, stating that none of the witnesses had been discredited by the immigration office to his knowledge; that the demeanor of the applicant was good, as she answered all questions without hesitation; and that the demeanor of the alleged husband was not as good. The inspector added, "The applicant has to my mind every appearance of respectability." No new oral hearing was had, but the commissioner stated that, "after full hearing and careful consideration of all the evidence submitted and adduced," the existence of the relationship claimed by Mah Shee to Chung Leong was not established to his satisfaction, and the application was denied. Notice of appeal was given September 15, 1916, and copy of the testimony was furnished counsel for Mah Shee. Counsel in communication to the commissioner at San Francisco requested opportunity to read the report of the law officer which had been made the basis of the first excluding decision. This request, however, was denied on September 19th. On September 20th counsel for the applicant acknowledged the receipt of the letter of the commissioner at San Francisco denying their application to have the review of the law section opened to their inspection, and wrote:

"We now request an interview with this applicant with her husband as a basis for the introduction of further evidence in support of her appeal."

On September 25th the acting commissioner answered this letter in this way:

" * * * You are advised that the request contained therein that you as counsel and the applicant's alleged husband be permitted to interview the applicant as a basis for the introduction of further evidence in support of her appeal must be denied as there is no authority in either the law or regulations for such a procedure."

Two days afterwards counsel for Mah Shee again wrote to the commissioner asking permission for Chung Leong, as husband of Mah Shee, to see, talk to, and confer with and comfort his wife who had been held "incommunicado" and away from her husband since her arrival. On September 27th, this request was denied on the ground that the case was still pending before the department. In time appeal to the Secretary of Labor was perfected. Counsel appearing in Washington were notified that the case was "ready for inspection" and briefs

could be filed. Counsel filed brief and made oral argument, but the appellant was ordered deported.

Chung Leong, as husband, on his own behalf and on behalf of Mah Shee, alleged to be his wife, applied for writ of habeas corpus, and the immigration record of Mah Shee was filed with the District Court upon the hearing of the demurrer. The District Court sustained the demurrer and this appeal issued.

Mah Shee, through her counsel, urges these points: First, that the evidence presented was so conclusive in its character that it was an abuse of discretion to refuse to be guided by it; second, that the hearing was not fair, in that the right of counsel was so curtailed as to negative its value to the alien, and thus she was deprived of the right to submit evidence and properly to defend herself.

[1, 2] We find it unnecessary to quote the testimony taken. But the point that the evidence was of such a conclusive character that the District Court abused its discretion in refusing to grant the writ is answered by the fact that there were serious discrepancies between the testimony given by Chung Leong, December 9, 1914, when he applied for a native's return certificate, and that given by him in the present matter. For example, prior to his departure for China on December 9, 1914, he said that he married in 1894, and that his wife was then living in China; but a day afterwards, in a letter filed with the immigration officers, and which he asked to have made a part of his case, he said that she had died in November or December, 1913, and upon this hearing he said that she had died in "7th month of CR 2," or December, 1913. There were other inconsistencies, but those mentioned are sufficient to refute the contention that the evidence to support the application of Mah Shee was of such indisputable character that but one fair conclusion could be gathered from it. In weighing the evidence the immigration officer may well have believed that a man who made such radically different statements concerning his wife was not credible in his statement that he had married the woman he says he married in Hong Kong. The fact that the inspector who heard the testimony believed that the man was married to Mah Shee is worthy of every consideration. But the right of the commissioner and Secretary to decide an appeal on its merits is not to be questioned. Tang Tun v. Edsell, 223 U. S. 673, 32 Sup. Ct. 359, 56 L. Ed. 606.

[3] Nor can we hold that, because applicant was kept apart from Chung Leong and was not allowed to communicate with him, the proceeding was manifestly unfair. The sole question to be decided was whether there existed the relationship of husband and wife, and we think that until the administrative authorities could finally answer that question there was no injustice in denying communication between those directly involved in order to prevent opportunities for preparation of harmonizing statements.

[4] But the more important point is: Was the applicant deprived of the right to submit evidence and to defend herself? Rule 5 of the Rules of the Department of Labor, Bureau of Immigration, governing the admission of Chinese, after providing that notice shall be given to a Chinese applicant, adjudged to be inadmissible, of his right to appeal, reads as follows:

"(b) Applicant's counsel shall be permitted, after notice of appeal has been duly filed, to examine the record upon which the excluding decision is based, and may be loaned a copy of the transcript of testimony contained therein. If there is a consular officer of China at the port where examination is held, he also shall be notified in writing that the said Chinese applicant has been refused a landing, and shall be permitted to examine the record. The word 'record' as used in this paragraph shall not be construed to include memoranda of comment or letters of transmittal unless they contain evidence additional to that in the record proper.

"(c) The notice of appeal shall act as a stay upon the disposal of the applicant until a final decision is rendered by the Secretary of Labor; and, within ten days after the excluding decision is rendered, unless further delay is required to investigate and report upon new evidence, the complete record of the case, together with such briefs, affidavits and statements as are to be considered in connection therewith, shall be forwarded to the Secretary of Labor by the officer in charge at the port of arrival, accompanied by his views thereon in writing. If, on appeal, evidence in addition to that brought out at the hearing is submitted, it shall be made the subject of prompt investigation by the officer in charge and be accompanied by his report."

Section (c) of this rule contemplates the possibility of the submission of evidence in addition to that which has been brought out at the hearing. The procedure would seem to be this: After the notice of appeal has been filed in behalf of the applicant, then counsel for the applicant must be permitted to inspect the record as defined, and to read the testimony which has been taken. If new evidence has been discovered favorable to the applicant, or if evidence in addition to that which has been brought out at the hearing is in her possession, or in the possession of her counsel, she may present or submit the same for consideration to the Secretary of Labor. Now, it being her right to submit such additional or further evidence, the applicant is in no position to avail herself of its benefit, unless she can communicate with her counsel, who have read the testimony contained in the record of exclusion, to the end that by affidavit or supplementary statement she may set forth the new or additional evidence upon which she may rely. To hold that a Chinese woman should herself make the showing would be absurd, and, moreover, every rule of fair procedure would indicate that the presentation of such new evidence to be considered on appeal, may be by the applicant's counsel. We therefore think that, when counsel for Mah Shee requested an interview with the applicant as a basis for the introduction of further evidence in support of her appeal, they but asked for an opportunity whereby she might be able to avail herself of a right recognized by the regulations as belonging to her, and that denial of the request so made deprived her of a fair, though summary, hearing according to the law and the regulations of the department.

We will add that, if the refusal of the immigration officers had been limited only to that part of the request which contemplated the presence of Chung Leong at the interview asked for, we do not see that injustice would have been done.

The order of the District Court is set aside, and the cause is remanded, with directions to overrule the demurrer.