CHEW HOY QUONG v. WHITE, Immigration Com'r.

(Circuit Court of Appeals, Ninth Circuit. April 1, 1918.)

No. 3088.

1. ALIENS ⟨⟩32(4)—CHINESE PERSONS—DEPORTATION PROCEEDINGS.

A Chinese woman, applying for admission into the United States as the wife of a Chinese merchant, was denied a fair hearing where, pending the determination of her application by the immigration authorities, her attorneys were not allowed to interview her.

2. ALIENS ⟨⟩32(9)—CHINESE PERSONS—FAIR HEARING.

A hearing on an application of a Chinese person for admission into the United States is unfair, where the immigration authorities received and acted upon a confidential communication, the source and contents of which they did not disclose to the applicant or her attorneys, so as to allow any rebuttal.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Petition by Chew Hoy Quong, on behalf of his wife, Quok Shee, for writ of habeas corpus against Edward White, Commissioner of Immigration at the Port of San Francisco, Cal. From a judgment denying the writ, petitioner appeals. Reversed, and cause remanded, with instructions to issue the writ.

The appellant, a Chinese merchant domiciled in the United States, appeals from an order of the court below denying his petition for a writ of habeas corpus on behalf of Quok Shee, whom he alleged to be his wife. The petition alleged that Quok Shee was unlawfully imprisoned and restrained of her liberty by the Commissioner of Immigration; that on May 15, 1915, the petitioner, who had been a Chinese merchant lawfully domiciled in San Francisco for more than 20 years, departed for China on a temporary visit, and was there married to Quok Shee, and that in company with his wife he returned to San Francisco on September 1, 1916; that a hearing was had before the inspector, who reported favorably on Quok Shee's application for admission to the United States as the wife of the petitioner, but that thereafter the Commissioner ordered a re-examination, the result of which was that Quok Shee's application was denied; and that upon her appeal from that decision, the Secretary of Labor ordered that she be deported. The petition alleged that the hearing was unfair, in that, after the appeal had been taken, the attorneys for Quok Shee were denied the privilege of interviewing her for the purpose of introducing further evidence in support of her appeal; also that in the records of the immigration authorities it appears that their decision was influenced by a confidential communication which they had received in reference to the right of Quok Shee to admission into the United States,

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which confidential information was forwarded to the Commissioner of Labor, to be considered on the appeal, as is shown from the following extract: "This is one of the three cases in which the department received apparently authentic confidential information going to show that the women involved were being brought to this country for immoral purposes." And the petitioner alleged upon information and belief that the immigration authorities decided his wife's application for admission to the United States adversely by reason of such confidential information, which was not permitted to be of record, and was not known to the petitioner, or Quok Shee, or her attorneys.

Dion R. Holm and Roy A. Bronson, both of San Francisco, Cal., for appellant.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] The denial of the right of the applicant's attorneys to interview her pending the determination of her application by the immigration authorities was, we think, in itself sufficient ground for holding that the hearing was unfair. Mah Shee v. White, 242 Fed. 868, 155 C. C. A. 456. Aside from that, we hold that the fact that the immigration authorities received a confidential communication concerning the applicant's right to admission, upon which they acted, and which was forwarded to the Department of Labor for its consideration, was sufficient to constitute the hearing unfair. However far the hearing on the application of an alien for admission into the United States may depart from what in judicial proceedings is deemed necessary to constitute due process of law, there clearly is no warrant for basing decision, in whole or in part, on confidential communications, the source, motive, or contents of which are not disclosed to the applicant or her counsel, and where no opportunity is afforded them to cross-examine, or to offer testimony in rebuttal thereof, or even to know that such communication has been received.

The judgment is reversed, and the cause is remanded, with instructions to issue the writ.