### Ex parte LOW JOE.

(District Court, N. D. California, First Division. December 14, 1922.)

#### No. 17673.

Aliens ⊗⇒32(9)—Denial of fair hearing to Chinese applicant for admission.

Where, after denial of admission to applicant as the minor son of a resident Chinese merchant, because of a certain discrepancy between the testimony of applicant and that of his alleged father, the case was ordered reopened by the department, to permit additional evidence, refusal of the immigration officers to question applicant or his father respecting the alleged discrepancy, or to allow his counsel to do so, or to communicate with applicant, *held* denial of a fair hearing.

Petition of Low Joe for writ of habeas corpus. On demurrer to petition. Overruled.

George A. McGowan, of San Francisco, Cal., for petitioner.

John T. Williams, U. S. Atty., and Ben. F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. Petitioner applies for admission to this country as the minor son of a resident merchant. He was denied admission on the ground that the relationship was not satisfactorily established. The chief difficulty was certain discrepancies between the testimony of the applicant and that of the alleged father as to the age and marriage of applicant's elder brother. Applicant presented a petition for a writ of habeas corpus to this court, which was denied in July of this year. Thereafter the attorney for applicant secured an order from the department to reopen the case for the purpose of presenting additional testimony.

Among other things an affidavit of the father was presented as a basis for the application to reopen the case. While the case was under consideration before the local immigration office, the father was again called as a witness and examined by the inspector, who apparently studiously avoided asking any question concerning the age and marriage of the elder son, or the discrepancies between his testimony and that of the applicant in relation thereto. Nor was the son asked any questions which would tend to throw any light upon this apparently controlling factor of the case. Needless to say, these examinations were conducted in the absence of the attorney. Nor was the attorney, although earnestly requesting it, permitted to see the applicant, so as to obtain

---

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

from him, if possible, an explanation of the discrepancies in question, that the same might be presented to the department in the form of a supplementary affidavit. The rules do not permit an inspection of the record by the attorney until after a denial of the right to entry, at which time, of course, the case is closed.

The local office would neither, although earnestly requested by counsel to do so, examine the applicant at the rehearing upon the points in question nor permit counsel to confer with him and obtain his affidavit. The affidavit, if obtained, may not have been convincing, but it seems to me to come under the head of "additional evidence." Additional evidence is quite a different thing from evidence of an additional witness. The point involved seems to me to be covered by the decision of the Court of Appeals of this Circuit in the case of Ma Shee v. White, 242 Fed. 868, 155 C. C. A. 456, in which the court says:

"Now, it being her right to submit such * * * further evidence, the applicant is in no position to avail herself of its benefit, unless she can communicate with her counsel, who have read the testimony contained in the record of exclusion, to the end that by affidavit or supplementary statement she may set forth the new or additional evidence upon which she may rely. To hold that a Chinese woman should herself make the showing would be absurd, and, moreover, every rule of fair procedure would indicate that the presentation of such new evidence to be considered on appeal may be by the applicant's counsel."

Here the local office would neither themselves question the father or the son upon the important matters referred to, nor allow counsel to be present and do so, nor allow him the opportunity to see the applicant for the purpose of obtaining an affidavit or supplementary statement. The principle involved seems to me to be identical with that passed upon in the Ma Shee Case, and the demurrer to the petition will therefore be overruled.

Let the writ issue, returnable December 18, 1922, at 10 o'clock a. m.