**UNITED STATES ex rel. HOM YUEN JUM v. DUNTON, Inspector.**

(District Court, S. D. New York. March 9, 1923.)

1. Aliens ⊚⟹32(13)—Action of Assistant Secretary of Labor in excluding alien not disturbed in absence of irregularity.

Order of Assistant Secretary of Labor for exclusion of alleged alien on reversal of report of special board of inquiry admitting him as native born citizen cannot be disturbed on habeas corpus, unless there has been some irregularity in the proceeding.

2. Aliens ⊚⟹32(13)—Extent of review of action of Assistant Secretary of Labor in reversing board of inquiry stated.

Action of Assistant Secretary of Labor in reversing majority report of special board of inquiry and ordering exclusion of alleged alien is reviewable on habeas corpus to extent of determining whether alleged alien has enjoyed those rights given by statute, including the right to be admitted, unless determination of board of special inquiry was wrong.

3. Aliens ⊚⟹32(13)—Scope of review by Assistant Secretary of Labor indicated.

While review by Assistant Secretary of Labor of majority report of special board of inquiry in favor of alleged alien's admission is not confined to ascertaining whether there is any evidence to support the board, the scope of review is analogous to that of court reviewing verdict or master's report upon exceptions.

4. Aliens ⊚⟹32(8)—Evidence held to show no ground for reversal by Assistant Secretary of Labor of report of board of inquiry.

Evidence before special board of inquiry passing on right of admission of Chinese person claiming to be citizen *held* to show no ground for reversal by Assistant Secretary of Labor of majority report of the board in favor of admission.

5. Aliens ⊚⟹32(13)—Evidence not submitted to board of special inquiry not properly before Secretary of Labor.

Under Immigration Act, § 17 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ii), requiring appeal from special board of inquiry to be decided on evidence adduced before such board, evidence not before the board was not properly before the Secretary of Labor.

6. Aliens ⊚⟹32(9)—Documentary evidence not received until after hearing closed could not be considered by board.

Fair hearing to alleged aliens seeking admission as citizen required that all evidence used against him be presented to him, and documentary evidence not received until after the last hearing could not be considered by board of special inquiry.

Habeas Corpus. Proceeding by the United States, on the relation of Hom Yuen Jum, against J. F. Dunton, Inspector. Writ sustained, and relator discharged.

Hearing on return to a writ of habeas corpus to review the exclusion of a Chinaman under the Immigration Laws. The relator claimed to be a native American and produced a certificate of birth in New York on June 25, 1901. This with other evidence of identification was submitted to a board of special inquiry at two hearings. Two members of the board voted to admit him, but the third dissented because of certain inconsistencies in the proof. The dissenting member appealed, and the Assistant Secretary of Labor upon the report of a board of review reversed the board of special inquiry and ordered the alien's exclusion.

Loring M. Black, Jr., of New York City, for the writ.
John C. Thomas, opposed.

LEARNED HAND, District Judge. There are inconsistencies in the evidence which would in my judgment have authorized the board of special inquiry to exclude the relator had they thought fit to do so, though on the bare record I should myself have agreed with their actual conclusion to admit him as a native American. With the correctness of their action, however, I have nothing to do; they have admitted him by a majority vote, and the question is whether the reversal of their finding is itself open to review on this writ. The case, so far as I know, is one of first impression, depending upon the relative functions of the board of special inquiry and the Secretary of Labor. Section 17 of the Immigration Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ii) provides that "such boards shall have authority to determine whether an alien who has been duly held shall be allowed to land or shall be deported" and that "the decisions of any two members of the board shall prevail, but either the alien or any dissenting member of the said board may appeal  *  *  *  to the Secretary of Labor."

[1-3] It is clear that unless there be some irregularity in the proceedings, this court has no ground for interference. Generally, the cases have involved only the correctness of the original action of the board, after affirmance by the Secretary. In this kind of case, although the court has nothing to do with the sufficiency of the proof, it may inquire whether the board had any basis in the evidence for their finding. Gegiow v. Uhl, 239 U. S. 3, 36 Sup. Ct. 2, 60 L. Ed. 114; Gonzales v. Williams, 192 U. S. 1, 24 Sup. Ct. 177, 48 L. Ed. 317. If so, the action of the Secretary must be equally open to review, when he reverses the board. Indeed, that follows from the fact that his affirmance is necessarily involved in any inquiry when the board excludes. What the extent of that review should be is another matter; in general, it may be stated as an inquiry whether the alien has enjoyed those rights which the statute gives him. But that carries one nowhere, till one knows what those rights are. These include the right to enter when the board of special inquiry has so determined, unless that determination was wrong. I agree that in examining into that question the Secretary is not so narrowly bound as a court. His review is not confined to ascertaining whether there is any evidence to support the board; he exercises a power to examine the whole record and ascertain where the truth lies. Still, in the nature of things much that was evidence cannot be before him; it is too impalpable to be retained in print, and yet the board may and indeed must be governed by it. I see no other rule than that which applies in the analogous case of a court reviewing the verdict of a jury, or at most upon exceptions to a master's report.

[4] In the case at bar the evidence of nativity was strong; it was based not only upon the testimony of the Chinamen themselves, but upon the birth certificate and certain letters antedating the entry by six years. It was further corroborated by the testimony of Dagget, an entirely disinterested witness, and, if that be important, white. Against it I see nothing but the testimony of the brother, Tom Foy, on his earlier admission, the variance of a year in the date of the relator's

birth, and the mother's statement at an earlier entry that two other children, admittedly not her own, were hers. The variance in the date of birth was of no moment whatever. The relator had left his home when five years old and might easily have been wrong as to the year of his birth. The mother's statement showed, it is true, that she was willing to aid a "clansman" in introducing children, whom she falsely claimed as hers; but it did no more at most than discredit her. The statement in the report of the board of review that Dagget's testimony was wholly hearsay is clearly mistaken. He personally remembered six children in the family of the putative parents.

[5, 6] The earlier statement of Tom Foy made on his examination to admit his wife was, it is true, damaging to the relator's case. At that time he said that he had no brother of the relator's age, and it is hard to see how he could have so sworn if he had. However, this evidence was not properly before the Secretary of Labor at all. The statute, section 17, is specific to the effect that the appeal shall be decided "solely upon the evidence adduced before the board of special inquiry." The last hearing was closed on November 16, 1922, and the board at once made its decision. It was not till December 5th that the file arrived in New York containing this testimony. Nowhere in the record does it appear that this was ever submitted to the board. Even if it had been, it could not have been used by the board without being brought to the attention of the relator. Chew Hoy Quong v. White (C. C. A. 9) 249 Fed. 869, 162 C. C. A. 103. The substance of a fair hearing requires that all evidence used against an alien must be presented to him. Had the board considered it and excluded the relator the exclusion could not stand.

It is idle to speculate upon what the board might have done if they had received it. It is not in my judgment enough to destroy the relator's case, but I have no jurisdiction to decide that question. The record must be considered without it, and there can be no question that without it there was no color for reversal, nothing but the most trivial inconsistencies. Therefore the reversal was unauthorized and the finding of the board should have been affirmed. Since the action of the Assistant Secretary in reversing it was unauthorized, the relator stands admitted, and there is no reason under Chin Yow v. U. S., 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369, for this court to determine the question of his nativity.

Writ sustained; relator discharged.