## Ex parte TURNER et al.

(District Court, S. D. California, S. D. February 15, 1926.)

No. 7665J.

1. Habeas corpus ⟨⟩92(1)—Order of deportation must be sustained, if at all, on ground acted on by immigration officers.

Order of deportation must on habeas corpus be sustained, if at all, on ground on which immigration officers acted, though justified on some other ground.

2. Habeas corpus ⟨⟩92(1)—Deportation order presumed regular, and sustained if supported by any view of evidence.

On habeas corpus to test validity of deportation order, court cannot weigh evidence, but must indulge in every presumption of regularity and sustain order, if supported by any view of evidence, reversing it only where arbitrarily entered or without support of any evidence.

3. Aliens ⟨⟩54(9)—Deportation order held supported by evidence showing likelihood that persons to be deported would become public charges.

Deportation order, on ground that persons to be deported at time of entry were likely to become public charges, *held* supported by evidence respecting illness, capacity, and opportunity for employment.

Habeas Corpus. Proceeding by Frank F. Turner and others to test validity of deportation order of Secretary of Labor. Writ discharged.

W. Maxwell Burke, of Los Angeles, Cal., for petitioners.

J. Geo. Ohannesian, of Los Angeles, Cal., for the United States.

JAMES, District Judge. Frank F. Turner and Mabel Turner, his wife, and their three minor children, Warren Turner, Iona Turner, and Verna Turner, are held for deportation, warrant of the Secretary of Labor therefor having been issued. The ground upon which the order of deportation was made is that the petitioners are aliens, and that, at the time of their entry into the United States, they were persons likely to become a public charge.

Frank Turner, the husband and father, entered the United States from Canada on November 22, 1923. His destination was given as Seattle, Wash., and the record of the Immigration Department shows that he was admitted to remain only for a period of two months. The petitioner named admits that the condition of temporary residence was attached to his admission into this country, but states that no written permit limiting the period to two months was issued. to him. From Seattle he was brought to Los Angeles by a Mrs. Fleming, for whom he worked, according to his testimony given before the examining board, for several months. He contends that Mrs. Fleming did not pay him the money that was due him for his labor, which he states was at the rate of $6 per day, and that he has brought suit to recover the same. In February, 1925, Turner received treatment for abscesses in his throat as a charity patient at the General Hospital in Los Angeles. These treatments were furnished from February 14, 1925, to April 10, 1925, and during that time charitable relief was furnished to the wife and children. At the time of the hearing on May 18, 1925, public charities were still furnishing some necessaries to Turner's family. He testified that about one year prior to coming to the United States he had had trouble with his throat, and that he had been in a hospital in Canada at another time for two weeks undergoing an operation for the cure of a hernia.

On April 28, 1924, the wife and children crossed the Canadian border and were admitted into this country, Mrs. Turner giving her destination and reason for entry as that she was going to join her husband at Los Angeles. The wife and children were conveyed from Seattle to Los Angeles by the same Mrs. Fleming who appears to have brought Turner from Seattle south. By Turner's testimony it also appears that he disputed the charge of Mrs. Fleming of $225 for bringing his family from Seattle to Los Angeles and had never paid the same. It reasonably appears, therefore, that in the question of whether Mrs. Fleming owes Turner money is involved the matter of the reasonableness of an offset existing in her favor for the service rendered in bringing the wife and children from Seattle. Turner admitted that the traveling expenses on that trip for his family were covered by Mrs. Fleming. The wife has no occupation other than attending to her household. The family have no property except an interest in furniture worth about $350; one-half of the price of the furniture only has been paid. From the early part of February, 1925, until May the 1st, Turner earned nothing.

[1] In this situation the court is asked by the petitioners to conclude that the Immigration Department could not legally decide that, at the time of their entry into the United States, they were persons who were likely to become public charges. That Turner has obtained no right to reside per-

manently in this country is admitted, and it seems not to be denied but that the immigration officers, under the provisions of section 14 of the Immigration Act of 1924 (Comp. St. Supp. 1925, § 4289¾g), might at any time require that he be taken into custody and deported. However that may be, the order for deportation here made is for another cause, and must be sustained, if at all, upon that ground alone. Throumoulopolou v. U. S., 3 F.(2d) 803 (C. C. A. 1st).

[2] On habeas corpus, where the validity of an order of deportation is sought to be tested, that order will be viewed as attended by every presumption of regularity, and the court cannot weigh the evidence to determine on which side of the issue the greater weight rests. The rule is that if, under any view of the evidence, it may be said that some proof was made which will support the finding of the immigration officers, the order of deportation may not be interfered with. It is only where the order of deportation is arbitrarily made, and that means, in a case like this, where it is made without the support of any evidence whatsoever on the issue of fact determined in the order, that the courts will act to stay its execution. Lewis v. Frick, 34 S. Ct. 488, 233 U. S. 291, 58 L. Ed. 967; Zakonaite v. Wolf, 33 S. Ct. 31, 226 U. S. 272, 57 L. Ed. 218; Kwock Jan Fat v. White, 40 S. Ct. 566, 253 U. S. 454, 64 L. Ed. 1010; Bilokumsky v. Tod, 44 S. Ct. 54, 263 U. S. 149, 68 L. Ed. 221; Chryssikos v. Commissioner, 3 F.(2d) 372 (C. C. A. 2d); U. S. v. Curran, 4 F.(2d) 356 (C. C. A. 3d).

[3] In order to justify the contention made by the petitioner Frank Turner, it needs to be said that, taking all of his personal history respecting his illnesses, and capacity and opportunity for employment, there was no ground to conclude that it was within reasonable probability, at the time of said petitioner's entry into the United States, he might become a public charge. He is a man possessed of no property from which he can derive an income. The fact that he had, before his entry into the United States, suffered from an ailment of the throat, and that he required hospital treatment in Los Angeles for a similar diseased condition; the fact that he had before coming to the United States been operated on for hernia—all furnish satisfactory evidence to the point that the man at the time of his entry was not physically sound or strong. It is apparent, then, from the record of admitted facts, that said petitioner is, and was at the

10 F.(2d)—52

time of his entry, predisposed to physical infirmity, and that, when suffering from ailments, he will likely be incapacitated from performing any work or earning support for himself and family, and that he would, in such case, became a charge upon the public. The fact that he may work at intermittent periods is no assurance that he will earn or save sufficient to provide necessities at all times for himself, or his wife and children. It must be said, I think, on the record made before the Immigration Department, that the finding upon which the deportation warrant was issued is sustained by substantial evidence. The wife is not shown to have property or any means of earning a livelihood. She is dependent upon the husband for support, as are the three children.

It is ordered that the writ issued herein be discharged, and that the petitioners surrender themselves at the Immigration Office in the federal building in the city of Los Angeles for deportation.