.Ex parte WOO SHOW HOW. (No. 11175.)

(District Court, W. D. Washington; N. D. January 17, 1927.)

1. Aliens ⊂⟷28—That vice consul erred in denying overtime certificate to Chinese laborer held concluded by direction of Department of State (Act Sept. 13, 1888 [Comp. St. § 4308]).

That vice consul of Hongkong erred in denying overtime certificate, under Act Sept. 13, 1888 (Comp. St. § 4308), to Chinaman holding laborer's return certificate, is concluded by direction of Department of State to consul general that certificate be issued forthwith.

2. Aliens ⊂⟷28—Chinese laborer may return after more than two years, where delay is caused by error of vice consul (Act Sept. 13, 1888 [Comp. St. § 4308]).

Under Act Sept. 13, 1888 (Comp. St. § 4308), Chinese laborer, who departed for China with laborer's return certificate, could return after more than two years, where delay preventing his return within two years was caused by error of the vice consul in denying overtime certificate.

Application by Woo Show How for writ of habeas corpus. Writ granted.

The record shows the applicant departed for China via the port of Seattle, September 29, 1924. Under date of September 23, 1924, a laborer's return certificate (form 432) was issued by the department. He had debts due him, pending settlement, in the sum of $1,000, and was the owner of a $1,200 interest in the Mandarin Café, Philadelphia, Pa. He testified that he was born in San Francisco, Cal., and he first left the United States for China July 29, 1921. His father died in China; his mother, in San Francisco, Cal., when applicant was 25 years old. He did not know when his mother came to the United States, but was told by his father they were married in this country.

His occupation before leaving on this trip was a cook; he possessed an unfavorable overtime certificate, dated October 12, 1926.

In answer to the question to state the reason for his unavoidable detention in not returning within the year, he said, "Boils on my leg," and presented a purported contract with Dr. Chan Wai Man of Toi-shan, in which it is stated that the applicant was treated for ulcer on the right leg. The contract covered a period of six months, and the doctor undertook to cure for $120, Canton currency, including medicine, transportation, and other sundry expenses—$60 to be paid in advance, and $60 when the ulcer is cured. He says he was sick from September, 1925, until March, 1926, and that, but for the boils, he would have left China in time to arrive September 29, 1925; that on recovery from his illness, April 28, 1926, he made application to the vice consul at Hongkong for a Chinese overtime certificate, in which he stated that he came to Hongkong September 29, 1924, and went to his home village (naming it). "Some time in March, 1925, my right leg swelled up, and there was a big boil under my knee. I hardly can walk for several months; have been attended by my doctor since, but did not do any good. In August, 1925, I contracted with Dr. Chan Wai Man of Toi-shan city, to treat me, and after few months, my leg was recovered."

The vice consul refused to grant the overtime certificate. The applicant, through his representative, appealed to the department, and eventually to the Department of State, with the result that a message was sent to the consul general at Hongkong, advising that the action of the vice consul refusing the overtime certificate was error, and instructing that the certificate be issued forthwith. Upon the issuance of the "unfavorable overtime certificate," the applicant departed on the first sailing, and arrived at the port of Seattle 39 days after the expiration of 2 years.

The chairman of the Special Board of Inquiry, stated: "As a reason for his disability in returning to the United States sooner, he claims that he was sick from September, 1925, to March, 1926, and that during said time he took treatment for boils, and presents what purports to be a copy of a medical contract for medical services. The applicant has exhibited scars on one of his legs that indicate healed sores, and his claim of disability may be true."

John J. Sullivan, of Seattle, Wash., and Roger O'Donnell, of Washington, D. C., for applicant.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

NETERER, District Judge. The pertinent portion of the Act of Congress of September 13, 1888 (25 Stat. 477), being Comp. St. § 4308, referred to by the chairman, provides:

" * * * The right to return under the said certificate shall be limited to one year; but it may be extended for an additional period, not to exceed a year, in cases where, by reason of sickness or other cause of disability beyond his control, the holder thereof shall be rendered unable sooner to return, which facts shall be fully reported to and investigated by the consular representative of the United States * * * to the satisfaction of the collector of customs at the port where such Chinese person shall seek to land in the United States, such certificate to be delivered by said representative to the master of the vessel on which he departs for the United States. * * * "

That the vice consul erred in denying the overtime certificate is concluded by the direction of the Department of State to the consul general in its instructions to direct the issuance of the certificate. The delay in returning was not caused by any intent on the part of the applicant to not return, but because of inability to travel by reason of ulcers, or boils, on his leg. It was the duty of the vice consul, first, to investigate the facts of disability; second, to certify his findings to the satisfaction of the collector of customs at the port of entry, and deliver a copy to the master of the ship. The delay was not the fault of the applicant. The prompt discharge of official duty by the vice consul would have permitted entry within the limitation fixed by statute. The applicant may not be made to suffer because of the error of the vice consul, but be held accountable only for his own contract. Such clearly *must* be the intent of the statute, and so concluding, it is apparent applicant was denied a fair trial.

The writ will issue.