## Ex parte YEE GEE.

(District Court, N. D. California, S. D. February 7, 1927.)

No. 19187.

1. **Aliens ⊂⇒28—Whether a domiciled Chinese laborer, granted a return certificate on departure from the United States, is entitled to extension thereof, is to be determined by immigration authorities at port of return.**

Whether a Chinese laborer, domiciled in the United States, on a visit to China with a return certificate, but who failed to return within the year limited, is entitled to an extension of the time, is to be determined by the immigration authorities at the port of departure and return, and it was the duty of a consul in China, to whom application was made for an overtime certificate, whether or not he found the showing sufficient, to certify the facts and deliver the certificate to the captain of a returning ship, without which he is not authorized to receive the applicant as a passenger.

2. **Aliens ⊂⇒32(8)—Domiciled Chinese laborer held, on the evidence, entitled to re-enter after visit to China, after expiration of time fixed by his return certificate.**

Petitioner, a domiciled Chinese laborer, on a visit to China, was unable by reason of illness and disturbed conditions in the country, to leave China within the year given by his return certificate. Under the statute he was entitled to an extension for an additional year for good cause shown, but his application to a vice consul for an overtime certificate was arbitrarily refused and he was unable to obtain any certificate until nearly the end of the second year, and without it he could not obtain passage. He left Hongkong a few days before the end of that year, and arrived a few days afterward. *Held*, that he was not chargeable for the action of the vice consul, which prevented his timely return, but only for his own acts, and that to refuse him re-entry was to deny him a fair hearing.

3. **Aliens ⊂⇒32(6)—Long residence and clear record of Chinese laborer held entitled to consideration in determining his right to return from visit to China.**

The facts that a Chinese laborer had been domiciled in the United States for more than 40 years, with a clear record, and that he had promptly returned from previous visits to China within the time limit, are entitled to weight in determining his right to re-enter after a later visit where his delay in returning was due to no act of his, but to error or abuse of power by a consular officer.

Habeas Corpus. In the matter of Yee Gee. On petition against John D. Nagle, Commissioner of Immigration for the Port of San Francisco, for writ of habeas corpus. Writ granted.

George A. McGowan, of San Francisco, Cal., for petitioner.

George J. Hatfield, U. S. Atty., and Richard M. Lyman, Jr., Asst. U. S. Atty., both of San Francisco, Cal., for respondent Nagle.

ST. SURE, District Judge. Yee Gee, a Chinese alien, was a lawfully domiciled laborer. He departed from the port of San Francisco for China on September 30, 1924, bearing a regularly issued laborer's return certificate (form 432), which entitled him to return within the period of one year from date of departure, unless an overtime certificate was granted by an American consular

officer for an additional period not to exceed one year.

In March, 1926, the Chinese applied to the consulate general at Hongkong for an overtime certificate on the affidavits of himself and two others, setting forth that he had been unavoidably detained beyond the year for return "owing to the extreme difficulty in securing a passage from Sunning (the district of his home village) back to Hongkong because of frequent piracies, and communications between Sunning and Hongkong were interrupted on account of the disturbed conditions existing in the province of Kwong Tung (the province of his native district) caused by the strike and political crisis there. Now that peace has more or less been restored in the province of Kwong Tung, I was able to come back to Hongkong via Macao (Portugese settlement) as aforesaid." Further: "And lastly I made this affidavit for the purpose of enabling me to secure my passage back to the United States on the steamship President Lincoln, leaving Hongkong on or about March 27, 1926."

The original certificate bears the indorsement, "Hongkong, March 25, 1926. Application for overtime certificate refused. J. Cameron Hawkins, American Vice Consul;" also the indorsement "234/1926 American Consulate General, Sept. 21, 1926, Hongkong. John J. Muccio." Attached to the certificate are the affidavits before mentioned, and a document, entitled "American Consular Service No. 234/1926 Chinese Overtime Certificate," signed by John J. Muccio, Vice Consul, and bearing the seal of the American consulate general, Hongkong. It reads as follows:

"Hongkong, September 21, 1926. I, John J. Muccio, American vice consul at Hongkong, hereby certify that Yee Gee, holder of laborer's return certificate No. 12017/25982, dated September 3, 1924, at San Francisco, California, who departed from said port on September 30, 1924, applied at this consulate general for an overtime certificate on March 9, 1926, and asserted that he was unable to return to said port in the period of one year allowed by the return certificate mentioned, by reason of a disability beyond his control, namely, on account of the disrupted communications between his native village and Hongkong as described in the copies of the affidavits attached. This application was refused for he failed to satisfy this consulate general that there was any disability beyond his control, as contemplated under rule 14 of the Rules Governing the Admission of Chinese then obtaining. Yee Gee is now returning on board the steamship President Taft, leaving here on September 26, 1926."

Yee Gee left China on the President Taft, and arrived at the port of San Francisco, October 20, 1926, or 20 days after the period of 2 years allowed him under his return certificate and any overtime extension thereof. The Board of Special Inquiry at the port held a hearing and denied him entry, the statement of the cause of exclusion set forth on the record for appeal being: "Applicant is without status; the time limit on return certificate form 432, presented by him having expired, the reasons for extension being considered insufficient."

[1] There is no dispute of the identity of Yee Gee as the one to whom the return certificate was granted. His former record shows that he came to the United States in 1881; he has made three trips to China, once as a merchant; and been granted re-entry without question each time except this. On departure he proved debts owing him to the extent of more than $1,000. A certificate of residence dated in 1894 appears.

Yee Gee testified that the reason he gave the consul in March, 1926, upon application for an overtime certificate, was "that my father was ill, and that I myself had been ill for two months, and that when I was able to be around I was not able to get through the blockade." He also testified directly to the same effect, both occasions being on hearing before the Board of Special Inquiry. The affidavits before Vice Consul Hawkins merely show inability to return on account of piracies and interrupted communication occasioned by strike and political crisis, with the result that, when he finally arrived at Hongkong, it was by way of Macao. Whether this was an irregular, roundabout journey is not shown. Neither is there any indication by any certificate of facts after investigation by the vice consul, who first refused the overtime certificate, that the testimony as to illness was not also given before him, nor any other facts bearing on the question of unavoidable detention; nor the granting of any certificate, favorable or unfavorable, as to facts upon which the Chinese might have taken passage in March and arrived at this port long before the expiration of the two-year period, and on which the officer in charge of the port might have been satisfied or dissatisfied with the grounds for delayed return, under rule 14 of the Rules Governing the Admission of Chinese of May 1, 1917, here applicable. This rule provides:

"Whenever a Chinese laborer holding a

return certificate is detained by his sickness or by other disability beyond his control for a time in excess of one year after the date of his departure from the United States, the facts shall be fully reported to and investigated by the consular representative of the United States at the port or place from which such laborer departs for the United States, and such consular representative shall certify, to the satisfaction of the officer in charge at the port of return, which must be the port from which such laborer departed, that he has fully investigated the statements of such laborer and believes that he was unavoidably detained for the time specified and for the reason stated, such certificate to be delivered by such consular representative to the master of the vessel on which the Chinese laborer departs for the United States, and by the master delivered to the officer in charge at the port of return."

It is common knowledge that, without the overtime certificate, it was impossible for Yee Gee to have secured passage; indeed, the affidavits filed before the consul in March indicate that the overtime certificate was a prerequisite for obtaining passage, and the rule above bears this out. The man belonged, except for his return certificate and proceedings thereunder, to an excluded class. It is shown by the papers before me that, following the application in March, and during the summer of 1926, the Secretary of State was applied to for relief from the excess of authority that the vice consul who first refused the overtime certificate was assuming in that he made the determination himself as to whether or not the applicant should return to the United States, when his duty and power was to investigate and certify the facts to the officer in charge of the port in the United States whence the laborer had departed—an officer in a different branch of the government.

On the representations to the Secretary of State of the abuse of power by the vice consul in several instances, with statements of the termination of two-year periods imminent, and the urgency for immediate cabled instructions, the Secretary replied that he had telegraphed instructions to the American minister at Peking "to inform the American consular officers in China, including the consul general at Hongkong, that a certificate should be issued in all cases, after an appropriate investigation, setting forth whether or not the consular officer considers that the applicant has been unavoidably detained, and that such favorable or unfavorable certificate should be delivered to the master of the vessel on which the laborer returned to the United States." This was under date of June 29th. How long it took for these instructions to reach the respective offices in China and become known to those who were still within their two-year period, does not appear, but it does appear that on September 21, 1926, the overtime certificate of Muccio was given and Yee Gee began his journey to San Francisco by the President Taft on September 26th, still some few days before the expiration of the two year period, arriving here October 20th.

An appeal to the Secretary of Labor resulted in the affirmance of the order of exclusion by the Board of Inquiry, but with the complete record before him, the opinion of the Secretary of Labor states of the applicant:

"He claims that he was ill for a time and that when he had recovered he was unable to get from his village to Hongkong owing to disrupted communications. *This is probably true.* Nevertheless, when he applied for an overtime certificate in March, 1926, the American vice consul at Hongkong refused the same. He was therefore unable to obtain shipping for the United States. On September 21, 1926, Vice Consul John J. Muccio issued him an overtime certificate, stating what his claim was as to the reason why he could not return earlier, and also that he had been refused an overtime certificate last March. *He then proceeded to the United States. It is plain that equity is in favor of the admission of this Chinese, as the only reason why he did not return* within the two-year period within which his application for admission might be considered under the law *is a mistake on the part of a consular officer.* Nevertheless, so far as the Chinese Exclusion Act is concerned, this department has *no power* to land him. His attorney has claimed that the department may land him under the seventh proviso to section 3 of the Immigration Act of 1917 (39 Stat. 874), which says: 'Provided further, that aliens returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years may be admitted in the discretion of the Secretary of Labor, and under such conditions as he may prescribe.' However, inasmuch as the department has decided that this provision cannot be invoked in favor of persons excluded under the Chinese Exclusion Act, it is recommended that the appeal of Yee Gee, alias Yee Ngip Lai, be dismissed."

That part of the opinion appearing to be determinative of any *facts* on which the Board of Inquiry excluded, is expressed thus: "This is probably true" (of the statements of detained for reasons for delay); and "it is

plain that equity is in favor of the admission of this Chinese as the *only reason* why he did not return within the two-year period * * * is a mistake on the part of a consular officer." We may eliminate "the reasons for extension being considered insufficient" from the Board of Inquiry summary on the appeal for this reason, and arrive again at the action of the consuls. Muccio's statement that the consulate was not satisfied with applicant's reasons for delay is that of a different vice consul, after instruction by the State Department following complaint of failure to exercise proper powers, and abuse and excess of authority by a different vice consul, Hawkins, in arbitrary refusal to grant a certificate, and is necessarily based on such arbitrary and mistaken refusal. Hawkins' refusal is not a certificate of facts required; Muccio's cannot be, and there was therefore practically nothing but the bare return certificate, coupled with the date of physical arrival at San Francisco beyond the time caused *only* by the mistake of the first vice consul acting, and in no wise the result of any neglect or failure of the applicant.

[2] In the Case of Woo Show How, W. D. Wash., No. 11175, 17 F.(2d) 652, Jan. 17, 1927, Judge Neterer said of a similar situation:

"The prompt discharge of official duty by the vice consul would have permitted entry within the limitation fixed by statute. The applicant may not be made to suffer because of the error of the vice consul, but be held accountable only for his own conduct. Such clearly *must* be the intent of the statute, and, so concluding, it is apparent that applicant was denied a fair trial."

With this I agree. On the record as stated I also consider that though there is no estoppel against the government by reason of acts of its officers, the equity in the case will consider that as done which should have been done, and will therefore consider that the time of entry is within the time limit because actually prevented by recognized and corrected mistake or abuse of power by an officer not of the branch having actual authority to exclude. If this is so, the exclusion by the Board of Inquiry on other grounds than that stated by the Secretary of Labor was an abuse of power also.

"The acts of Congress give great power to the Secretary of Labor over Chinese immigrants and persons of Chinese descent. It is a power to be administered, not arbitrarily and secretly, but fairly and openly, under the restraints of the tradition and principles of free government applicable where the fundamental rights of men are involved, regardless of their origin or race. It is the province of the courts, in proceedings for review, within the limits amply defined in the cases cited, to prevent abuse of this extraordinary power, *and this is possible only when a full record is preserved of the essentials* on which the executive officers proceed to judgment. For failure to preserve such a record for the information, not less of the Commissioner of Immigration and of the Secretary of Labor than of the courts, the judgment in this case must be reversed. It is better that many Chinese immigrants should be improperly admitted than that one natural-born citizen of the United States should be permanently excluded from his country."

See Kwock Jan Fat v. White, 253 U. S. 454, at page 464, 40 S. Ct. 566, 570, 64 L. Ed. 1010 (absence of record of testimony of important witnesses on return of preinvestigated citizen). "The decision must be after a hearing in good faith, however summary." Chin Yow v. United States, 208 U. S. 12, 28 S. Ct. 201, 52 L. Ed. 369, and "it must find adequate support in the evidence." Zakonaite v. Wolf, 226 U. S. 272, 274, 33 S. Ct. 31, 57 L. Ed. 218. "If the hearing be fair, though summary, it is conclusive, and is not to be set aside by the courts," if not reversed on appeal. Christy v. Leong Don (C. C. A.) 5 F.(2d) 135, 136. "It is fully settled that the decision by the Secretary of Labor, * * * is final and conclusive upon the courts, unless it be shown that the proceedings were 'manifestly unfair' were 'such as to prevent a fair investigation,' or show 'manifest abuse' of the discretion committed to the executive officers by the statute (Low Wah Suey v. Backus [225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165], supra), or that 'their authority was not fairly exercised; that is, consistently with the fundamental principles of justice embraced within the conception of due process of law" (Tang Tun v. Edsell, 223 U. S. 673, 681, 682, 32 S. Ct. 359, 56 L. Ed. 606)." Gambroulis v. Nash, 12 F.(2d) 49 at page 51; Mah Shee v. White, 242 F. 868 (C. C. A. 9); Chew Hoy Quong v. White, 249 F. 869 (C. C. A. 9).

[3] Yee Gee is a laborer, of a class excluded by the Chinese laws. But this is not his first entry, and the long record of his domicile in this country, with the clean open records of his prior trips to China and prompt entry on return within time, will not be regarded lightly or disregarded, to allow slight seeming discrepancies which are as well viewed on the printed record as honest inadvertences, to form the foundation for exclusion. See Ex parte T. Nagata (D. C.) 11 F.(2d) 178, 179.

The presumption of regularity otherwise attending the acts of an officer, in this case Vice Consul Hawkins, are more than overcome by the correction of his superiors and instructions for a course directly opposed to that first taken. It appears to me that the record of proceedings in this case is not only a denial of a fair hearing required by all the cases, but is practically a denial of *any* hearing, as based on an arbitrary, mistaken, abusive exercise of power by one not intrusted with such power. Ex parte Turner (D. C.) 10 F. (2d) 816. The expiration of the time limit, under the circumstances here, where applicant has made every effort to secure his document on which to take passage, and where he was actually on an American ship bound for his return port before the expiration of the time limited, becomes of little consequence, and should be deemed to date back to March, when he was prevented from sailing.

It is therefore ordered that the said Yee Gee, in whose behalf the writ of habeas corpus herein was sued out, is illegally restrained of his liberty, as alleged in the petition herein, by John D. Nagle as Commissioner of Immigration for the port of San Francisco at the immigration station at Angel Island, county of Marin, state and Northern district of California, and that he be, and he is, hereby discharged from the custody from which he has been produced, and that he go hence without day.