## ZAKONAITE *v.* WOLF, JAILOR OF THE CITY OF ST. LOUIS.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

No. 53. Argued November 14, 1912.—Decided December 2, 1912.

The evidence in this case, upon which the order of deportation of an alien on the ground that she was a prostitute and was found practic-

ing prostitution within three years after her entry into the United States was based, being adequate to support the conclusions of fact of the Secretary of Commerce and Labor, and there having been a fair hearing, those findings are not subject to review by the courts.

The authority of Congress to prohibit aliens from coming within the United States includes the authority to impose conditions upon the performance of which the continued liberty of the alien to reside within the country depends.

A proceeding to enforce regulations under which aliens may continue to reside within the United States is not a criminal proceeding within the meaning of the Fifth and Sixth Amendments.

Congress may properly devolve a proceeding to enforce regulations under which aliens are permitted to remain within the United States upon an executive department or subordinate officials thereof and may make conclusive the findings of fact reached by such officials after a summary hearing, if fair.

Section 3 of the act of February 20, 1907, 34 Stat. 898, c. 1134, providing for deportation of alien prostitutes within three years after entry into the United States and providing a summary proceeding for determining the fact by the Secretary of Commerce and Labor, does not violate either the Fifth or Sixth Amendment by depriving the alien of her liberty without due process of law or by denying her a jury trial.

THE facts are stated in the opinion.

*Mr. L. G. Pope,* with whom *Mr. Chas. F. Joy* and *Mr. Henry B. Davis* were on the brief, for appellant.

*Mr. Assistant Attorney General Harr* for appellee.

Memorandum opinion, by direction of the court, by MR. JUSTICE PITNEY.

The appellant, having been arrested and held in custody under warrants of arrest and deportation issued by the Acting Secretary of Commerce and Labor under the Immigration Act of February 20, 1907, sought to be discharged upon *habeas corpus* issued out of the Dis-

trict Court, and, that court having upon hearing or-
dered the dismissal of the writ, she prosecutes this ap-
peal.

From the return and supplemental return of the re-
spondent it appears that the appellant is an alien and that
as the result of a hearing and re-hearing conducted in
compliance with Rule 35, paragraph E of the Rules and
Regulations of the Department of Commerce and Labor,
she was found to be in the United States in violation of
§ 3 of the act referred to, and subject to deportation, in
that she was a prostitute, and had been found practicing
prostitution within three years after her entry into the
United States.

In her behalf it was contended in the court below, and
is here contended, first, that there was no evidence before
the Secretary of Commerce and Labor sufficient to warrant
the findings of fact upon which the order of deportation
was based; and, secondly, that § 3 of the act of Feb-
ruary 20, 1907 (34 Stat. 898, 899, c. 1134), which pro-
vides that "any alien woman or girl who shall be found
an inmate of a house of prostitution or practicing prosti-
tution, at any time within three years after she shall have
entered the United States, shall be deemed to be unlaw-
fully within the United States, and shall be deported as
provided by sections twenty and twenty-one of this
Act,"—is unconstitutional because violative of the guar-
anties that no person shall be deprived of life, liberty or
property without due process of law, and that in all
criminal prosecutions the accused shall enjoy the right to
a speedy and public trial by an impartial jury of the State
and district wherein the crime shall have been com-
mitted, as contained in the Fifth and Sixth Amend-
ments.

As to the first point, an examination of the evidence
upon which the order of deportation was based convinces
us that it was adequate to support the Secretary's con-

clusion of fact. .That being so, and the appellant having had a fair hearing, the findings are not subject to review by the courts.

With respect to the second point little more need be said. It is entirely settled that the authority of Congress to prohibit aliens from coming within the United States and to regulate their coming includes authority to impose conditions upon the performance of which the continued liberty of the alien to reside within the bounds of this country may be made to depend; that a proceeding to enforce such regulations is not a criminal prosecution within the meaning of the Fifth and Sixth Amendments; that such an inquiry may be properly devolved upon an executive department or subordinate officials thereof, and that the findings of fact reached by such officials, after a fair though summary hearing, may constitutionally be made conclusive, as they are made by the provisions of the act in question. *Fong Yue Ting* v. *United States,* 149 U. S. 698, 730; *United States* v. *Zucker,* 161 U. S. 475, 481; *Wong Wing* v. *United States,* 163 U. S. 228, 237; *Turner* v. *Williams,* 194 U. S. 279, 289; *Chin Yow* v. *United States,* 208 U. S. 8, 11; *Tang Tun* v. *Edsell,* 223 U. S. 673, 675; *Low Wah Suey* v. *Backus,* 225 U. S. 460, 468.

The appellant raises some other constitutional objections, viz.: that the Immigration Act vests in the Federal authorities the power to try an immigrant for a violation of the penal laws of the State of which he has become a resident, and so interferes with the police powers of the State; that the act vests judicial powers in an executive branch of the Government; that it violates the constitutional guaranty of the privilege of the writ of *habeas corpus,* and the like. These are without substance, and require no discussion.

*Final order affirmed.*