UNITED STATES v. KIMI YAMAMOTO.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1917.)

No. 2803.

ALIENS ⊂⊃51—GROUNDS FOR DEPORTATION—PRACTICING PROSTITUTION—CONSTRUCTION OF STATUTE.

In the provision of Immigration Act Feb. 20, 1907, c. 1134, § 3, 34 Stat. 899, as amended by Act March 26, 1910, c. 128, § 2, 36 Stat. 264 (Comp. St. 1913, § 4247), for the deportation of "any alien who shall be found * * * practicing prostitution after such alien shall have entered the United States," the words "after such alien shall have entered

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the United States" should be construed as though they read "while such alien is in the United States," and the provision applies to all alien women whether they came into the United States at a port of entry, or by the annexation of the land in which they lived, as in case of alien residents of Hawaii at the time of its annexation.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 111.]

Appeal from the District Court of the United States for the Territory of Hawaii; Sanford B. Dole, Judge.

Habeas corpus by Kimi Yamamoto. From an order discharging petitioner, the United States appeals. Reversed.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The appellee came to the Hawaiian Islands in 1897, and has ever since been a resident thereof. She was ordered deported upon proof of the charge that she practiced prostitution after entry into the United States. The facts in the case are practically the same as in the Cases of Sui Joy, Wong Yuen, and Ching Lum, 240 Fed. 392, —— C. C. A. ——, just decided by this court, and all four cases were dealt with in the court below in a single opinion.

The definition of the charge under which the appellee is held for deportation is limited by the words "after such alien shall have entered the United States." It is true that she has never technically entered the United States. While the territory of Hawaii may in a sense be said to have entered the United States by its annexation on August 12, 1898, it does not follow that its inhabitants thereby became immigrants to the United States. In ascertaining the intention of Congress in making the amendment of 1910, an important fact is that the amendment was made by striking certain words from the former act, whereby the time limitation in the former act was repealed. We think that Congress intended by the amendment to say that any alien found in the United States practicing prostitution shall be sent out of the country, and that such exclusion shall apply to all alien women, whether they came into the United States at a port of entry, or by the annexation of the land in which they lived, or became aliens by marriage to an alien, or were born alien within the United States, as not being "subject to the jurisdiction thereof," and that the words "after such alien shall have entered the United States" should be construed as if they read "while such alien is in the United States." It should be assumed that Congress intended to make no discrimination between these classes of aliens. The consideration which induced the amendment was that the objectionable aliens were in the United States, not the manner in which they got there.

We need not discuss the question whether Congress could order the deportation of aliens for prostitution practiced before the date of the act, for it is admitted that the appellee has practiced prostitution since the amendment of 1910. Other considerations applicable to

this case are discussed in the Cases of Sui Joy and Others, above referred to.

The judgment is reversed, and the cause is remanded to the court below, with instructions to dismiss the writ and remand the appellee to custody for deportation.