UNITED STATES v. SUI JOY. 'SAME v. WONG YUEN. SAME v. CHING LUM.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1917.)

Nos. 2800–2802.

1. ALIENS ☞51.—GROUNDS FOR DEPORTATION—CONSTRUCTION OF STATUTE.

The provisions of Immigration Act Feb. 20, 1907, c. 1134, § 3, 34 Stat. 899, as amended by Act March 26, 1910, c. 128, § 2, 36 Stat. 264 (Comp. St. 1913, § 4247), for the deportation of "any alien * * * who shall receive, share in, or derive benefit from any part of the earnings of any prostitute," applies to any alien found in the United States, without regard to the manner of entry, including aliens who were resident in Hawaii at the time of its annexation.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 111.]

2. ALIENS ☞39—DEPORTATION—POWERS OF CONGRESS.

While an alien, who has acquired a residence in this country, is entitled to the same protection of life, liberty, and property as a citizen, he acquires no vested right to remain and the government has the power to deport him if, in the judgment of Congress the public interests so require, and such power is not dependent upon the existence of statutory conditions as to his right to remain at the time he became a resident.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 100.]

Appeal from the District Court of the United States for the Territory of Hawaii; S. B. Dole, Judge.

Habeas corpus by Sui Joy, by Wong Yuen, and by Ching Lum. From orders discharging petitioners, the United States appeals. Reversed.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal.

E. A. Mott-Smith, W. L. Stanley, and Stanley & Wilder, all of Honolulu, Hawaii, for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. These cases were heard in the court below upon writs of habeas corpus issued to determine the legality of orders of deportation made against the petitioning aliens and the returns of the inspector in charge to the writs. The charge against each was that he was found receiving, sharing in, and deriving benefit from the earnings of a prostitute, and deportation was ordered under the provisions of section 3 of the act of Congress of March 26, 1910, entitled "An act to amend an act entitled 'An act to regulate the immigration of aliens into the United States,' approved February 20, 1907."

The court below entered orders discharging each of the appellees, holding that those persons who admittedly were residents of the territory of Hawaii before annexation thereof by the United States did not enter the United States, within the meaning of the act above referred to, and that Congress has no power to regulate the affairs of aliens within the United States, excepting under its constitutional authority "to regulate commerce with foreign nations," and that whereas, Congress may permit an alien immigrant to land under certain conditions as to conduct thereafter while in the country, involving forcible deportation upon his failure to perform such conditions, it may not deport alien residents for similar conduct, with whom there has been no such conditional entry into the United States.

[1] Section 3 of the act of February 20, 1907 (34 Stat. 898), provides in part as follows:

"Any alien woman or girl who shall be found an inmate of a house of prostitution or practicing prostitution, at any time within three years after she shall have entered the United States, shall be deemed to be unlawfully within the United States and shall be deported."

The act of March 26, 1910 (36 Stat. 263), amends section 3 of the former act, and provides as follows:

"Any alien who shall be found an inmate of or connected with the management of a house of prostitution or practicing prostitution after such alien shall have entered the United States, or who shall receive, share in, or derive benefit from any part of the earnings of any prostitute; or who is employed by, in, or in connection with any house of prostitution or music or dance hall or other place of amusement or resort habitually frequented by prostitutes, or where prostitutes gather, or who in any way assists, protects or promises to protect from arrest any prostitute shall be deemed to be unlawfully within the United States and shall be deported in the manner provided by sections 20 and 21 of this act."

It is admitted that the appellees in all these cases were resident aliens in the territory of Hawaii before the transfer of the sovereignty thereof to the United States. We are unable to agree with the court below that the clause "after such alien shall have entered the United States" is to be read into the definition of the offense with which these three appellees are charged. The statute as we read it limits the application of that clause to alien women connected with the management of a house of prostitution or practicing prostitution. We think that Congress by the act has, in unlimited terms, provided that "any alien * * * who shall receive, share in, or derive benefit from any part of the earnings of any prostitute," etc., shall be deemed to be unlawfully within the United States and shall be deported. But, even if that clause were applicable to the offense with which these appellees are charged, we are of the opinion, for reasons stated in United States v. Kimi Yamamoto, 240 Fed. 390, —— C. C. A. ——, decided simultaneously with this case, that it does not affect the authority of the immigration officials to deport any alien who, while a resident of the United States, commits the acts with which these appellees are charged.

Nor do we think that the act should be construed otherwise from the fact that the Secretary of Labor, under the authority which the

act gives him to establish rules and regulations for carrying out the purposes thereof, promulgated rule 22, which provides that the application for the warrant of arrest of an alien "must state facts bringing the alien within one or more of the classes subject to deportation after entry," and must be accompanied by a certificate of landing, to be obtained from the immigration officers in charge at the port where landing occurred, or a reason given for its absence. The observance of that rule may be essential in all those deportation cases in which the proceedings must be begun within a fixed period after the alien has entered the United States, as, for instance, where the alien becomes a public charge from causes existing prior to landing. But it does not follow from the promulgation of that rule that the officers of the department have construed the provisions of section 3 as amended in 1910, as applicable only to aliens who have entered at a port of the United States, and that in deporting such aliens the fact of entry must be shown. The fact that those officers are now prosecuting these cases shows that they do not so construe the act.

[2] We are unable to assent to the proposition that Congress cannot authorize the deportation of an alien resident of the United States who became such at a time when there was no statutory condition as to his right to remain. It is now well settled that, while an alien who has acquired a residence in the country with the intention of remaining permanently is entitled to the same protection of life, liberty, and property as a citizen, he acquires no vested right to remain, and the government has the power to deport him if, in the judgment of Congress, the public interests so require. In Fong Yue Ting v. United States, 149 U. S. 698, 13 Sup. Ct. 1016, 37 L. Ed. 905, the court said:

"The right of a nation to expel or deport foreigners, who have not been naturalized or taken any steps towards becoming citizens of the country, rests upon the same grounds, and is as absolute and unqualified, as the right to prohibit and prevent their entrance into the country."

In Wong Wing v. United States, 163 U. S. 228, 16 Sup. Ct. 977, 41 L. Ed. 140, the court denied the contention that there is no power to banish aliens who have been permitted to become residents. In Zakonaite v. Wolf, 226 U. S. 272, 33 Sup. Ct. 31, 57 L. Ed. 218, the court said:

"It is entirely settled that the authority of Congress to prohibit aliens from coming within the United States, and to regulate their coming, includes authority to impose conditions upon the performance of which the continued liberty of the alien to reside within the bounds of this country may be made to depend."

In Bugajewitz v. Adams, 228 U. S. 585, 33 Sup. Ct. 607, 57 L. Ed. 978, it was said:

"It is thoroughly established that Congress has power to order the deportation of aliens whose presence in the country it deems hurtful."

In Lapina v. Williams, 232 U. S. 78, 34 Sup. Ct. 196, 58 L. Ed. 515, it was said:

"The authority of Congress over the general subject-matter is plenary; it may exclude aliens altogether, or prescribe the terms and conditions upon which they may come into or remain in this country."

And in Lewis v. Frick, 233 U. S. 291, 34 Sup. Ct. 488, 58 L. Ed. 967, the court reaffirmed the power of Congress to deport all aliens within the terms of the excluding clause, irrespective of any qualification arising out of a previous residence or domicile in this country.

The judgment in each of the cases is reversed, and the causes are remanded to the court below, with instructions to dismiss the writs.