MAYO, Immigration Com'r, et al. v. UNITED STATES ex rel. JOBIN.

(Circuit Court of Appeals, Fifth Circuit. April 5, 1919.)

No. 3358.

1. HABEAS CORPUS ⬷113(9)—APPEAL—RECORD.

On an appeal from an order on a habeas corpus hearing directing that an alien be released from custody by the Commissioner of Immigration, it cannot properly be said that the overruling of an objection to the admission of testimony by the alien "on the ground that the court had no jurisdiction to receive evidence and inquire into the merits of said cause, without ascertaining whether the alien J. was given a fair trial by the immigration authorities," was error; it not being made to appear that the stated ground of objection existed in fact, the record not disclosing what the evidence was.

2. ALIENS ⬷54—DEPORTATION—CONCLUSIVENESS OF FINDING.

Where an alien was held under an order of deportation, made by a board of special inquiry and affirmed by the Secretary of Labor, order being based upon finding that alien was a person coming to this country, for an immoral purpose, findings on habeas corpus proceeding that alien was denied a fair hearing by immigration authorities, and that "she is not of an immoral character and is entitled to admission to the United States," entitled the alien to be released from custody.

3. HABEAS CORPUS ⬷113(12)—MATTERS REVIEWABLE—RECORD.

On appeal from a habeas corpus proceeding, it must be presumed that the findings of the lower court were proper, where the record does not show the contrary.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Habeas corpus proceeding by the United States, on the relation of Madamoiselle Laure Jobin, against John P. Mayo, Commissioner of Immigration, and the United States of America. From an order directing that the relator, an alien, be released from custody by the Commissioner of Immigration, defendants appeal. Affirmed.

Nicholas Callan, Asst. U. S. Atty., of New Orleans, La., for appellants.

Jose A. Morales, of New Orleans, La., for appellee.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This is an appeal from an order, made on a habeas corpus hearing, directing that the appellee, an alien, be released from custody by the appellant, the Commissioner of Immigration at the port of New Orleans. The writ was issued pursuant to the prayer of a petition, which alleged that the petitioner, the appellee, was deprived of a fair hearing by the board which ordered her deportation after she was detained upon her arrival at New Orleans on a vessel from a Mexican port. The return to the writ set up that the petitioner was held under an order of deportation made by a board of special inquiry and affirmed by the Secretary of Labor; that order being based upon a finding that the appellee was "a person

coming to this country for an immoral purpose." The record discloses that evidence was adduced on the hearing which resulted in the order appealed from. It does not disclose what that evidence was. Some evidence is set out, without being authenticated in any way by the presiding judge. The record does not purport to contain all the evidence adduced on the hearing.

[1-3] The following is all that is shown by the bill of exceptions: The appellant objected to the admission of testimony by the appellee "on the ground that the court had no jurisdiction to receive evidence and inquire into the merits of said cause without ascertaining whether the alien, Laure Sebastine Jobin, was given a fair trial by the immigration authorities; and his honor, the judge, then and there overruled said objection and admitted said testimony. Whereupon counsel for respondent reserved the bill of exceptions to the said ruling of the court." It is not made to appear that the stated ground of objection existed in fact. It follows that it cannot properly be said that the ruling excepted to was erroneous. The opinion rendered by the District Judge shows that he found that the appellee was denied a fair hearing by the immigration authorities, and that she "is not of immoral character and is entitled to admission to the United States." Proper findings to that effect entitled the appellee to be released from custody under the order of deportation. Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369; Zadonaite v. Wolf, 226 U. S. 272, 33 Sup. Ct. 31, 57 L. Ed. 218. It is to be presumed that the findings were proper ones, the record not showing the contrary.

Affirmed.