## TAMA MIYAKE v. UNITED STATES et al.

(Circuit Court of Appeals, Ninth Circuit. May 12, 1919.)

No. 3268.

1. ALIENS ⊂⊃54—DEPORTATION—DISMISSAL OF PROCEEDINGS IN TERRITORIAL COURT.

Dismissal of proceedings in the district court of Honolulu under the laws of Hawaii against a Japanese woman on the charge she was keeping a house of ill fame, resorted to for the purpose of prostitution, was not necessary to give the immigration officials the right to proceed against the woman for her deportation, and her acquittal by a jury, had she been tried, would have been no obstacle to her deportation, so that dismissal of the proceedings in the territorial court did not deprive her of her constitutional right to trial by jury.

2. ALIENS ⊂⊃51—DEPORTATION—"ENTER."

A Japanese prostitute, a resident of Hawaii before the treaty of annexation, was not immune from deportation under the statute on any ground that she did not "enter" the United States, within its purview.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Enter.]

Appeal from the District Court of the United States for the District of Hawaii; Horace W. Vaughan, Judge.

Petition for writ of habeas corpus by Tama (or Taka) Miyake against the United States and Richard L. Halsey, Inspector in Charge of the Immigration Station of the United States for the Port of Honolulu. From an order denying the writ and dismissing the petition, petitioner appeals. Judgment affirmed.

Charles Carroll Bitting, of Honolulu, T. H., for appellant.

Annette Abbott Adams, U. S. Atty., of San Francisco, Cal., and Ben F. Geis, Asst. U. S. Atty., of Willow, Cal., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The appellant, a Japanese alien, was ordered deported from the United States by the immigration authorities at Honolulu, Hawaii, on the ground that she was found receiving, sharing in, and deriving benefit from the earnings of a prostitute or prostitutes, and that she had been found connected with the management of a house of prostitution. On appeal to the Department of Commerce and Labor, the order of deportation was affirmed.

At the time when the deportation proceedings were begun against her, the appellant was under arrest and was about to be tried in the district court of Honolulu under the laws of Hawaii on the charge that she was keeping and maintaining a house of ill fame used or resorted to for the purpose of prostitution. Those proceedings were dismissed, and on the same day the immigration authorities proceeded against her for deportation. She filed a petition for a writ of habeas corpus in the United States District Court for Hawaii, on which an order was issued to show cause, and on the hearing on the return to the writ it

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was ordered that the writ be denied and that the petition be dismissed. From that order the appeal is taken.

[1] It is contended that by the dismissal of the proceedings in the territorial court the appellant was deprived of her constitutional right to a trial by jury. We agree with the court below that the dismissal of those proceedings was not necessary to give the immigration officials the right to proceed against the appellant as they did, and that an acquittal of the appellant by a jury, if she had been thus tried and acquitted, would have been no obstacle to the deportation proceeding. Lewis v. Frick, 233 U. S. 291, 34 Sup. Ct. 488, 58 L. Ed. 967.

[2] The second contention is that the appellant was not subject to deportation under the statute, since she was a resident of Hawaii before the treaty of annexation, and did not "enter" the United States within the purview of the statute. That contention was made in United States v. Kimi Yamamoto, 240 Fed. 390, 153 C. C. A. 316, and United States v. Sui Joy, 240 Fed. 392, 153 C. C. A. 318, and adversely decided by this court.

The judgment is affirmed.