## NG LIN GO v. WEEDIN, as Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. June 1, 1925. Rehearing Denied August 3, 1925.)

No. 4524.

Aliens ⬤=32(13)—Chinese minor not shown to be son of American citizen.

Exclusion of Chinese minor, on the ground that he was not, as claimed, son of a citizen of the United States, held warranted by evidence.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Habeas corpus by Ng Lin Go against Luther Weedin, as Commissioner of Immigration at the Port of Seattle, Wash. From an order discharging writ, petitioner appeals. Affirmed.

John J. Sullivan and V. G. Frost, both of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and Donald G. Graham, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Appellant and Ng Lin For, Chinese youths, arrived at Seattle May 23, 1923, and applied for admission as sons of Ng Lin, who was conceded to be an American citizen. After investigation by duly constituted departmental authorities, admission was denied, and thereafter appeal to the Secretary of Labor was dismissed. Writ of habeas corpus was granted as to Ng Lin For, but denied as to Ng Lin Go, on the ground that the relationship claimed was not satisfactorily established. Ng Lin Go appealed.

It is conceded that Ng Lin, appellant's alleged father, was in China at a time when

he might have become the father of the appellant, and that when he left China in 1904 he had a son, Ng Lin Sing, less than two years old, who came to the United States in January, 1923, about four months prior to the arrival of the appellant and his alleged brother, Ng Lin For. Immigration authorities found discrepancies between the testimony of appellant and his alleged father with respect to their native village; in the testimony of appellant and Ng Lin Sing concerning the schools they attended in China, and with respect to whether the mother was a natural or a bound foot woman.

The most significant variance, however, was between the statement made in May, 1908, by the alleged father, who then testified that he had but one son, Ng Lin Sing (who was admitted in February, 1923), and the testimony he gave in 1923, when he said the applicant, Ng Lin Go, was his son and was 20 years old. Applicant himself testified that he was born December 21, 1904. The alleged father endeavored to explain the variance by saying that there was an error in the record of his 1908 testimony, as he was sure he then mentioned two sons. It was recognized by the board that in May, 1908, the alleged father could not testify concerning the alleged brother, Ng Lin For, who was not born until August, 1908. But if, at that time, the alleged father had had a son four years old, he surely would have mentioned him. There is no substantial ground for believing that the record of 1908 was not a correct statement of the testimony.

There is no foundation for the argument that the hearing was not fairly conducted in 1923. The transcript of the testimony and the findings of the board of special inquiry disclose that all of the testimony taken was before the Department of Labor when the decision was made, and that opportunity was given to counsel to inspect the exhibits. The decision denying the admission must be upheld.

The order discharging the writ is affirmed.