**NGAI KWAN YING v. NAGLE, Commissioner of Immigration.**

**No. 6941.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 5, 1932.

Stephen M. White, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and I. M. Peckham, Asst. U. S. Atty., both of San Francisco, Cal. (Arthur J. Phelan, U. S. Immigration Service, of Washington, D. C., on the brief), for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and CAVANAH, District Judge.

CAVANAH, District Judge.

The appellant, a seventeen year old Chinese girl born in China, upon her arrival at the port of San Francisco applied to the immigration authorities for admission to the United States under the status of the wife of Kwan Tow, a Chinese merchant residing in the United States, to whom she claimed to have been married in China. Her application for admission to the United States was denied by a board of special inquiry, for failure to establish that she is the wife of Kwan Tow. An appeal was taken to the Secretary of Labor, who affirmed the decision of the board. Having been held in custody for deportation, a petition for writ of habeas corpus was presented in the court below, and this appeal is taken from the order denying said petition.

The single question is whether the rejection of appellant's testimony by the board of special inquiry and by the Secretary of Labor, in support of her claim, has been so arbitrary, unfair, and unreasonable as to constitute a denial of a fair hearing.

The principle applicable to the facts here and often recognized by this court is that, where discrepancies appear and false testimony is given by witnesses for applicant in an effort to secure the admission of applicant, the conclusions and decision of the board of special inquiry were matters for the consideration of the immigration authorities, and their conclusions should not be disturbed by the court, unless it manifestly appears that they have acted arbitrarily and unfairly. The weight of the evidence and

the credibility of the witnesses heard by administrative tribunals are for them, Louie Lung Gooey v. Nagle (C. C. A. 9) 49 F.(2d) 1016; United States ex rel. Soy Sing v. Chinese Inspector, etc. (C. C. A. 2) 47 F.(2d) 181; Quan Wing Seung v. Nagle (C. C. A. 9) 41 F.(2d) 58; United States ex rel. Fong Lung Sing v. Day (C. C. A. 2) 37 F.(2d) 36; and our review of the evidence is limited to the substantial fairness of the proceeding. Whether it was manifestly unfair, such as to prevent a fair investigation, or manifest abuse of discretion, is committed to the court, Low Wah Suey v. Backus, 225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165, and must have adequate support in the evidence, Kwock Jan Fat v. White, 253 U. S. 454, 40 S. Ct. 566, 570, 64 L. Ed. 1010; Zakonaite v. Wolf, 226 U. S. 272, 33 S. Ct. 31, 57 L. Ed. 218; Chin Yow v. United States, 208 U. S. 8, 28 S. Ct. 201, 52 L. Ed. 369; Ex parte Vilarino (C. C. A. 9) 50 F.(2d) 582, 586.

As said by the Supreme Court in cases of this character: "The acts of Congress give great power to the Secretary of Labor over Chinese immigrants and persons of Chinese descent. It is a power to be administered, not arbitrarily and secretly, but fairly and openly, under the restraints of the tradition and principles of free government applicable where the fundamental rights of men are involved, regardless of their origin or race. It is the province of the courts, in proceedings for review, within the limits amply defined in the cases cited, to prevent abuse of this extraordinary power. * * * " Kwock Jan Fat v. White, supra.

The denial of admission to appellant was based on disregarding her testimony and that of Kwan Tow, her alleged husband, and that of Au Yeung Shee, as not worthy of belief, because of applicant's alleged husband's fraudulent attempt in 1923 to bring into the United States, as his mother, a prostitute who who had been deported, and, as his sister, a seventeen year old imposter, and of Au Yeung Shee because of having given false testimony when she herself was applying for admission in 1931, and because of the conflict in appellant's testimony and that of her alleged husband, and that of Au Yeung Shee.

The record clearly discloses that the conclusions of the board of special inquiry and of the Secretary of Labor, as to discrepancies appearing in the testimony and the false testimony given by the witnesses for appellant, are correct, and it is not necessary to go into the evidence in that respect, as the immigration authorities were not arbitrary and unfair in declining to credit the testimony of appellant's witnesses. The board of special inquiry had the exclusive power, as to the credibility of the witnesses who testified before it, to decide whether they were worthy of belief. Therefore the order of the court below denying the issuance of a writ of habeas corpus is affirmed.

Affirmed.