**WON YING LOON v. CARR, District Director of Immigration, etc.**

**No. 9190.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 4, 1939.

Rehearing Denied Jan. 16, 1940.

Russell P. Tyler, of San Francisco, Cal., for appellant.

Ben Harrison, U. S. Atty., and Leo V. Silverstein, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Seeking admission to the United States as a citizen thereof, appellant, a native of China, arrived at the port of San Pedro, California, on April 7, 1938, and was detained there in custody of appellee, Walter E. Carr, District Director of the Immigration and Naturalization Service. Appellant's case was heard on August 9, 1938, by a board of special inquiry appointed under § 17 of the Immigration Act of February 5, 1917, c. 29, 39 Stat. 887, 8 U.S.C.A. § 153. The board decided that appellant's claim of citizenship had not been established, and that, therefore, he should be excluded. The Secretary of Labor upheld the board's decision and ordered appellant deported to China. Won Doo Mo, alleged brother of appellant, acting for and on behalf of appellant, applied for and obtained a writ of habeas corpus. From an order discharging the writ and remanding appellant to appellee's custody, this appeal is prosecuted.

Appellant calls himself Won Ying Loon [1] and claims to be a son of Won Jung, [2] who, it is conceded, was at the time of appellant's birth a citizen of, and had theretofore resided in, the United States. Thus it is conceded that, if appellant is in fact a son of Won Jung, he also is a citizen of the United States. Revised Statutes, § 1993, 8 U.S.C.A. § 6.

Won Jung had a wife, Yee Shee, and four sons, Won Doo Mo, Won Doo Gee, Won Doo Gon and Won Ying Loon, all born in China. Won Doo Mo was ad-

---

[1] The name "Won Ying Loon" is sometimes written "Won Yin Lin."

[2] Also known as Won Chung, Won Chong, Won Jock and Won Ow Pie.

mitted to the United States as a citizen thereof in June, 1921. Won Jung and Won Doo Mo went to China in March, 1922, remained there about 15 months, and returned to the United States in July, 1923,[3] bringing with them Won Doo Gee, who, after a hearing before a board of special inquiry on August 21, 1923, was admitted to the United States as a citizen thereof. On August 10, 1927, a person calling himself (and hereafter called) Won Doo Gon applied for admission to the United States as a citizen thereof, but, after a hearing before a board of special inquiry on August 23, 1927, he was excluded.

In Won Doo Gee's case, August 21, 1923, Won Jung, Won Doo Mo and Won Doo Gee were witnesses. In Won Doo Gon's case, August 23, 1927, Won Doo Mo, Won Doo Gee and Won Doo Gon were witnesses. In each of those cases, all the witnesses testified—and appellant here concedes—that Won Ying Loon was born in January, 1923, and that, at the time of his birth, Won Jung, Won Doo Mo, Won Doo Gee, Won Doo Gon and Yee Shee, mother of Won Ying Loon, were living together in Chung On Village, Hoi Shan District, China.

 In appellant's case, the question was whether appellant was or was not Won Ying Loon. On this issue, appellant—who, of course, had the burden of proof—offered no testimony except that of himself and Won Doo Mo. They both testified (1) that appellant was Won Ying Loon and (2) that Won Jung was not in China when appellant was born. Both statements could not be true, for, as said before, it is an admitted fact that Won Jung was in China when Won Ying Loon was born.[4] Thus appellant and Won Doo Mo testified falsely when they stated that appellant was Won Ying Loon or when they stated that Won Jung was not in China when appellant was born. Which time they testified falsely and which time, if at all, they told the truth we do not know, nor did the board know.

Whether, in testifying as they did, appellant and Won Doo Mo were deliberately lying or were stating what they honestly believed to be true is, for present purposes, immaterial. Whatever their intentions or beliefs may have been, their testimony was partly, if not wholly, false. Knowing this, and not knowing which part, if any, of their testimony was true, the board was warranted in rejecting it all and holding that appellant's claim that he was Won Ying Loon had not been established.

Order affirmed.

---

[3] Won Jung never visited China again. He died in Los Angeles, California, on March 17, 1924.

[4] Won Doo Mo was well aware of this fact. He testified to it in Won Doo Gee's case and in Won Doo Gon's case. Yet, in appellant's case, while insisting that appellant was Won Ying Loon, Won Doo Mo testified that appellant had not been born when Won Jung and Won Doo Mo left China in July, 1923; that Won Doo Mo first learned of appellant's birth from a letter which Won Jung wrote him after they returned to the United States; that Won Jung wrote the letter to Won Doo Mo after Won Jung had received word from China that appellant had been born; and that, at the time of writing and receiving the letter, Won Jung was in Los Angeles and Won Doo Mo was in San Francisco. The conflict between this testimony and that previously given by him was called to Won Doo Mo's attention. Asked to explain it, he made no answer. The conclusion that Won Doo Mo perjured himself is inescapable.