**NGIM AH OY v. HAFF, Dist. Director, Immigration and Naturalization Service.**

No. 9418.

Circuit Court of Appeals, Ninth Circuit.

June 11, 1940.

Rehearing Denied June 29, 1940.

Walter F. Lynch, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and L. R. Mercado, Jr., Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Being denied admission into the United States and held for deportation by appellee, appellant brings this appeal to review an order of the court below denying her petition for a writ of habeas corpus.

Appellant sought admission into the United States as the foreign-born daughter of Ngim Lin, an alleged citizen of the United States. In addition to applicant's testimony, five witnesses testified on her behalf.

Ngim Lin, the alleged father, first arrived from China, at San Francisco on May 3, 1915. In the following October, he was issued a citizen's return certificate, and was readmitted as a citizen upon his return from the Territory of Hawaii a year later. At that time he was asked how many children he had ever had, and he replied "One boy—no girls". He also testified that the boy was named Ngim Tai, and that he was born December 5, 1915 (old calendar) or October 29, 1915 (new calendar). The alleged father applied for a citizen's return certificate and in support thereof testified on September 19, 1922, that he had one boy and one girl, who were twins, born on February 4, 1916 (old calendar) or January 2, 1916 (new calendar); that his son's name was Ngim Tai and that the name of his daughter (the alleged applicant here) was Ngim Yee. When the discrepancies in the testimony on the two different occasions were called to the alleged father's attention, he testified that when he testified in 1916, he was asked if he had a boy, but was not asked if he had a girl; that he did not testify in 1916 that he had no girls; and that as to the date of birth, he was misunderstood in 1916.

The alleged father, Ngim Lin, testified on December 7, 1934, in support of his application for predetermination of his citizenship status. He then testified that the twins were born on January 2, 1916; that his son's name was Ngim Jung Hon, and that the name of his daughter (the alleged applicant) was Ngim Ah Oy, the name appellant now claims, and that neither child had any other name than the one given except an indefinite one meaning "twin".

608

The applicant testified that she was the daughter of Ngim Lin and was born on January 2, 1916; that she was 22 years years old, but later said she was 23 years old.

Ngim Tin, an alleged paternal uncle of the applicant, testified for her that she was the daughter of Ngim Lin, but the witness admitted he had never seen the applicant. Whoe Tong, an alleged maternal uncle, testified for applicant that applicant's mother was his half-sister, and that she had written him of the birth of twins in 1916, but the witness admitted he had never seen the applicant.

Witness Lan Wai Yee, who is unrelated to applicant, testified that she had met applicant in China, and after the witness had arrived in this country, applicant's alleged father told the witness that applicant was his daughter. Witness Young Muey, unrelated to applicant, testified that he had met applicant twice in China.

A Board of Special Inquiry denied applicant admission into the United States, which decision was affirmed on appeal to the Secretary of Labor Applicant's petition for a writ of habeas corpus was denied, hence this appeal.

 Appellant makes a number of contentions, all to the effect that the immigration authorities were wrong in refusing to believe evidence for applicant, or in weighing the evidence. It is unnecessary to state the contentions in this respect in detail. The controlling rule is stated in Lum Sha You v. United States, 9 Cir, 82 F.2d 83, 84: "* * * Even if the Board's decision seems to us to be wrong, but it is shown that it did not act arbitrarily, that it reached its conclusions after a fair consideration of all facts presented, and that the discrepancies are such that reasonable men might disagree as to their probative effect, appellant has no recourse to the courts. * * * In considering the evidence, it is not sufficient that we might have reached a different decision. * * *" Because of the serious discrepancies in the alleged father's testimony, and in that of appellant and the interest of appellant in the controversy, the immigration authorities were not compelled to believe their testimony. In the circumstances shown here the question of credibility of the witnesses was one exclusively within the province of the immigration authorities.

 The other witnesses did not testify as to the claimed relationship. Assuming, without so deciding, that an inference of relationship from their testimony could be justified, it is clear that the question arising involves the weight to be given to such testimony. In such circumstances, it was exclusively within the province of the immigration authorities to weigh such evidence. It therefore appears that the immigration authorities decided that appellant had failed to sustain her burden, because two witnesses were not believed, and because the other evidence was not of sufficient weight to overcome the burden. It follows that we cannot substitute our judgment for that of the immigration authorities. Mui Sam Hun v. United States, 9 Cir., 78 F.2d 612.

 The other contention arises under 8 U.S.C.A. § 152, which provides in part: "* * * All aliens arriving at ports of the United States shall be examined by at least two immigrant inspectors at the discretion of the Secretary of Labor and under such regulations as he may prescribe. * * * Every alien who may not appear to the examining immigrant inspector at the port of arrival to be clearly and beyond a doubt entitled to land shall be detained for examination in relation thereto by a board of special inquiry. * * * The decision of an immigrant inspector, if favorable to the admission of any alien, shall be subject to challenge by any other immigrant inspector, and such challenge shall operate to take the alien whose right to land is so challenged before a board of special inquiry for its investigation." Appellee contends that this statute applies only to persons seeking admission into the United States as aliens, whereas appellant seeks admission as a citizen. We express no opinion as to the soundness of such contention but assume, for the purposes of this decision, that the above statute is applicable here.

Appellant contends that without a proper preliminary examination the Board of Special Inquiry had no jurisdiction to hold a hearing, and that the preliminary examination here was improper under the statute, because it was not held by at least two immigrant inspectors, but by only one of such inspectors.

The first quoted sentence of the statute is the only part thereof which mentions an examination by two immigrant inspectors. It provides for an examination "by at least

two immigrant inspectors *at the discretion of the Secretary of Labor* and under such regulations as he may prescribe". It clearly appears, therefore, that it is within the discretion of the Secretary of Labor to determine whether the examination shall be by two immigrant inspectors, or only one. The Secretary of Labor has exercised his discretion and provided for an examination by only one inspector. Immigration Rules of July 1, 1925, Rule 3, subd. 1. We hold, therefore, that the statute was complied with here.

Affirmed.