**WONG YANG SUNG v. CLARK, Atty. Gen., et al.**

No. 3420.

United States District Court District of Columbia.

July 28, 1948.

Thomas Farrell and Leo J. Michalowski, both of Washington, D. C., for petitioner.

George Morris Fay, U. S. Atty., and Oliver Dibble, Asst. U. S. Atty., both of Washington, D. C., for respondents.

HOLTZOFF, District Judge.

This is a writ of habeas corpus to review an order of deportation. The petitioner, whose deportation has been ordered by the Attorney General of the United States pursuant to the provisions of the Immigration Laws, contends that the proceeding was not conducted in accordance with the provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq.

Section 7 of the Administrative Procedure Act, U.S.C.A. Title 5, § 1006, on which the petitioner relies, requires statutory hearings to be conducted before an examiner appointed pursuant to the provisions of the Act. The hearing in this case, as is customary in all deportation proceedings, was conducted by an Inspector or Board of Inspectors of the Immigration and Naturalization Service. If the requirements of the Administrative Procedure Act are applicable, the hearing was not properly conducted.

The Court feels, however, that this requirement of the Administrative Procedure Act does not apply to hearings under the Immigration Laws, in the light of the following provision of Subsection (a) of Section 7 of the Administrative Procedure Act: "Nothing in this chapter shall be deemed to supersede the conduct of specified classes of proceedings in whole or part by or before boards or other officers

specially provided for by or designated pursuant to statute."

· Section 152 of Title 8 of the United States Code, Annotated, which governs the authority and powers of Immigrant Inspectors, provides that such Inspectors shall have power to administer oaths and to take and consider evidence touching the right of. any alien to enter, re-enter, pass through or reside in the United States, and where such action may be necessary, make a written record of such evidence. In the light of this provision it seems to the Court that deportation proceedings are within the exception contained in Section 7(a) of the Administrative Procedure Act, because it is a specified class of proceedings before officers specially provided for by or designated pursuant to statute.

Accordingly, the Court is of the opinion that deportation hearings may be properly conducted by Immigrant Inspectors and that the requirement of the Administrative Procedure Act as to a hearing before specially appointed examiners does not apply.

The writ will be dismissed.