**Ex parte WONG SO WAN et al.**

**No. 28214.**

United States District Court
N. D. California, S. D.

Oct. 29, 1948.

Clarence H. Desky and John S. Howell, both of San Francisco, Cal., for petitioners.

Frank J. Hennessy, U. S. Atty., and Edgar R. Bonsall, Asst. U. S. Atty., both of San Francisco, Cal., for the Government.

GOODMAN, District Judge.

Petitioners sought to enter the United States as children of an American citizen. They were detained by the Immigration and Naturalization Service. They were preliminarily examined and then a Board of Special Inquiry, after hearing, ordered their exclusion on the ground that they had not established their lineage and otherwise were not eligible for entry as aliens. Both the Commissioner of Immigration and Naturalization and the Board of Immigration Appeals affirmed.

Now submitted to me is their petition for the writ of habeas corpus. It is claimed that the Administrative Procedure Act of June 11, 1946, 5 U.S.C.A. § 1001 et seq., applies to immigration procedures. I am convinced that it does not. 5 U.S.C.A. 1006(a); United States ex rel. Lindenau v. Watkins, D.C., 73 F.Supp. 216; In re United States ex rel. Obum, D.C.S.D. N.Y., 82 F.Supp. 36; Wong Yang Sung v. Clark, D.C.D.C., 80 F.Supp. 235. Certainly it does not apply to preliminary examinations. 8 U.S.C.A. § 152; Ngim Ah Oy v. Haff, 9 Cir., 112 F.2d 607.

■ But whether it applies or not, the record shows that the petitioners were accorded due process and that the decision of the Immigration authorities has a substantial basis.

The order to show cause is discharged and the petition is denied.