## YANISH et al. v. WIXON.

### No. 28347.

United States District Court
N. D. California, S. D.

Dec. 20, 1948.

Gladstein, Andersen, Resner & Sawyer, and Lloyd E. McMurray, all of San Francisco, Cal., for plaintiffs.

Frank J. Hennessy, U. S. Atty., and Edgar Bonsall, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiffs, alien residents of the United States against whom warrants have been issued charging them with membership in groups which advocate overthrow of the Government of the United States by force and violence, and with personal advocacy of such overthrow, seek to restrain defendant from conducting deportation proceedings against them. The grounds relied upon for the relief prayed for are in substance that the defendant has failed to appoint or assign a trial examiner to conduct hearings in accordance with the provisions of the Administrative Procedures Act and that the defendant is without right, authority or jurisdiction to proceed with the hearings under said warrants of arrest. 5 U.S.C.A. § 1001 et seq., hereinafter referred to as the Act.

Several preliminary objections have been urged on behalf of the defendant I. F. Wixon individually and as Director of Immigration and Naturalization Service.

First, that he is not a proper party individually or officially, and that the Attorney General of the United States should have been joined herein. This contention has been passed upon adversely to the claim of defendant in the recent case of Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188.

Secondly, it is asserted that petitioners have not exhausted their administrative remedies. Petitioners, at the threshold of the controversy, contend that the proceedings about to be conducted before the Immigration Service are without right, authority or jurisdiction in the light of the Administrative Procedures Act. If, in law, their contention is correct, it would seem purposeless to require petitioners to expend their energies in a hearing before the Immigration Service if at the consummation thereof it appeared to a reviewing court that the jurisdictional premise is absent. We have concluded that in the light of the contentions urged, and under all of the circumstances present, petitioners are not obliged to exhaust their administrative remedies and are properly before this court insofar as a test of the jurisdiction is concerned.

We now pass to the major contention: The Administrative Procedures Act under Section 7(a), 5 U.S.C.A. 1006(a), creates the following exception which is applicable herein: "Nothing in this chapter shall be deemed to supersede the conduct of specified classes of proceedings in whole or part by or before boards or other officers specially provided for by or designated pursuant to statute."

It is manifest from a review of the Congressional proceedings antedating the enactment of the Administrative Procedures Act, and the clear context of the Act itself, that it was not the intention of Congress to interfere with or usurp traditional statutory proceedings of this nature conducted by the Immigration Service.

We conclude that the Administrative Procedures Act is not applicable herein and that petitioners have their remedies, looking toward due process, as integrated under 8 U.S.C.A. § 152.[1] So other courts have held.[2]

The weight of current authority, at least in the trial courts, fortifies the conclusion we have reached.

Accordingly, the application for injunction is denied and the complaint is dismissed on the ground as heretofore indicated that the procedures of the Immigration Service fall within the exception specified in Section 7(a), supra, of the Act.

[1] Loufakis v. United States, 3 Cir., 81 F.2d 966; Graham v. United States, 9 Cir., 99 F.2d 746, 748.

[2] Wong Yan Sung v. Clark, D.C., 80 F.Supp. 235; United States ex. rel. Obum, D.C., S.D.N.Y., 82 F.Supp. 36; Ex parte Wong So Wan, D.C.N.D.Cal., 82 F.Supp. 60. Cf. Leo Tack v. Clark, D.C.S.D.N.Y. 26279.[3] Cf. Azzollini v. Watkins, D.C. S.D.N.Y., 81 F.Supp. 127.

[3] (No opinion for publication).