**Ex parte ZUNIGA.**
**Civ. No. 1545.**

United States District Court,
W. D. Texas, El Paso Division.
Aug. 19, 1954.

3. Lutz v. Foster & Kester Co., Inc., 367 Pa. 125, 79 A.2d 222, 224.

**380**

Albert Armendariz, Mauro Rosas, Joseph J. Roybal, El Paso, Tex., for petitioner.

Francis C. Broaddus, Jr., Asst. U. S. Atty., El Paso, Tex., for District Director, Immigration and Naturalization Service, and U. S. Government.

THOMASON, District Judge.

The petitioner herein applied for a writ of habeas corpus on April 30, 1954, and upon an Order to Show Cause the District Director, Immigration and Naturalization Service, El Paso, Texas, acting by and through Francis C. Broaddus, Jr., Assistant United States Attorney, appeared before this Court on May 4, 1954. At that time the petitioner was represented by his counsel of record. Hearings were held thereafter on many various dates, with further extensions of time being granted to the petitioner for the purpose of obtaining additional evidence, for the interview of additional witnesses, and for the purpose of locating additional witnesses; petitioner obtained additional counsel to represent him during these proceedings; petitioner was granted every possible opportunity to obtain necessary proof and evidence to support his petition and was granted every request made for delay or continuance. Testimony of many witnesses was adduced by both parties, much of which was extremely repetitious; documentary evidence was introduced by both sides, including a complete certified copy of the record of the Immigration and Naturalization Service pertaining to this petitioner.

The petitioner alleged that an order and warrant of deportation outstanding against him as a Mexican alien were improperly and unlawfully entered for the reason that the hearing granted him by the Immigration Service, and the decisions as to his deportation resulting therefrom, were not properly substantiated by the evidence. Petitioner claimed to be an American citizen and for this reason alleged that the evidence to the contrary was unsubstantial. Petitioner's claims to American citizenship were corroborated in the present hearings by the testimony of his mother. However, these claims were directly controverted by the statements under oath made by petitioner on three separate prior occasions when he was arrested by the Immigration Service under the various names of Jesus Zuniga, Dario Zuniga, and Bartolo Zuniga. These claims were further controverted by the testimony of the mother under oath on prior occasions, by the testimony of the father, and by documentary evidence. The petitioner claimed to be Miguel Zuniga, born in Shafter, Texas, in 1929. Evidence was introduced by the Government that the petitioner was instead a "Second" Miguel, born of the same parents, in Mexico in 1934. The Government also introduced a properly certified and authenticated copy of the death certificate in Mexico of the Miguel born in Shafter, Texas; a similar copy of the birth certificate of the "Second Miguel" in Mexico in 1934, as recorded *by the mother;* and a copy of the *delayed* birth certificate of a Bartolo, who was born to the same parents on the same date, in the same town in Mexico, as the "Second Miguel", which was recorded by the mother *after* the arrest of petitioner in the present case. Bartolo was never produced or adequately accounted for, and the Court doubts his existence. Also introduced were copies of the proceedings in 1949 in the Arizona District Court wherein this petitioner pleaded guilty and was sentenced as a 14 year old juvenile for falsely claiming to be an American citizen, to wit, the "First Miguel." The record of the hearing was replete with substantial facts and evidence upon which a decision could have been entered

against this petitioner. The scope of judicial review in cases of this sort is extremely narrow, and despite the leeway which the Court granted to petitioner in the presentation of his case, the hearing afforded him completely met the tests of manifest fairness and consistency with due process of law followed by a decision based on adequate support in the evidence as set down in Kwock Jan Fat v. White, 253 U.S. 454, 40 S.Ct. 566, 64 L.Ed. 1010. See also Zakonaite v. Wolf, 226 U.S. 272, 33 S.Ct. 31, 57 L.Ed. 218.

The petitioner also alleged that his hearing before the Immigration Service was unfair for the following reason. During his deportation hearing his mother was called as a witness at which time she testified favorably to the petitioner. However, during a noon recess a sworn statement was taken from her which was later made a part of the record of the hearing and which statement was unfavorable to the petitioner. Her testimony after the noon recess was totally contradictory, being both favorable and unfavorable to him. At that time the mother explained her purpose in representing petitioner to be the "First Miguel" by stating, "I thought I could help him." The petitioner objected to the introduction of the ex parte statement claiming that it was obtained by force and duress for which reason it contained completely untrue statements. Petitioner further alleged that such a statement could not be introduced as direct or affirmative evidence at his hearing.

It appears clearly from the record of the hearing, from the decision of the Special Inquiry Officer, and from the affirming decision of the Board of Immigration Appeals that this statement was not introduced or used as affirmative evidence by the Government but simply to counteract or controvert the unfavorable testimony of the mother. In connection with the allegation that this statement of the mother was wholly untrue, evidence introduced by the Government showed clearly that this statement served as the basis for the investigation which revealed the place and time of the death of the "First Miguel", which evidence could not have been obtained had her statement been false. For these reasons I find not only that the ex parte statement of the mother was true, but that it very adequately served its purpose in contradicting and counteracting her other testimony. It was not introduced as affirmative testimony. Although it may not be the best practice for the Immigration Service to take ex parte statements from a witness during a recess of a pending deportation hearing, such action in this case was not erroneous and clearly serves as no basis for an allegation of unfair hearing, and the right of the Government in a deportation hearing to introduce conflicting statements of a witness to destroy the effect of unfavorable testimony is clearly upheld. O'Connell ex rel. Kwong Han Foo v. Ward, 1 Cir., 126 F.2d 615; Gin Soon Ging v. Carmichael, 9 Cir., 123 F.2d 72; Ngim Ah Oy v. Haff, 9 Cir., 112 F.2d 607; Won Ying Loon v. Carr, 9 Cir., 108 F.2d 91.

After due consideration of all of the testimony adduced herein, the documentary evidence introduced, the arguments of counsel, and the Trial Briefs submitted by both sides, the Court enters its Findings of Fact, Conclusions of Law, and Order as follows:

Findings of Fact.

I.

Petitioner herein is a native and citizen of Mexico, having been born in Santa Eulalia, Chihuahua, Mexico, on August 24, 1934. His parents were Miguel Zuniga and Susana Ceniceros-Zuniga, and his birth was registered thereafter in Santa Eulalia, Mexico, by his mother, under the name of Miguel Zuniga. Petitioner has no legal right or claim to American citizenship on any basis whatsoever.

II.

A child named Miguel Zuniga was born of the same parents in Shafter, Texas, on June 22, 1929, thereby making him an American citizen under the provisions of

Article XIV, Section 1, of the Constitution of the United States, but said Miguel Zuniga (the "First Miguel") died in Velardena, Mexico, on August 25, 1929. Said death was registered immediately thereafter by petitioner's father.

### III.

Petitioner is the same person who was convicted of juvenile delinquency in the United States District Court for the District of Arizona on July 27, 1949, under the name of Bartolo Zuniga. Petitioner claimed to be fourteen years of age at the time of said conviction and the Court hereby finds that petitioner was fourteen years of age at that time. Petitioner is the same person who was arrested on January 7, 1953, for falsely claiming (18 U.S.C. § 911) to be an American citizen by the name of Dario Zuniga, but who claimed to be Jesus Zuniga. Petitioner is the same person who was arrested on November 25, 1953, for entering the United States after having been arrested and deported therefrom without having been granted permission to reapply for legal entry (8 U.S.C.A. § 1326) and who claimed to be Jesus Zuniga.

### IV.

The statement taken from petitioner's mother, ex parte, and during a recess of his deportation hearing, was not obtained through force or duress of any kind. This statement was substantially true in all respects as was shown from both oral testimony and documentary evidence adduced herein. The aforesaid statement was not introduced and used as affirmative testimony against petitioner, but simply served to contradict the unfavorable testimony of the affiant.

### V.

The deportation hearing granted to petitioner was sufficient in all respects and afforded him the due process of law to which he was entitled. Sufficient and substantial evidence of a legal nature was introduced in said hearing to support the determination of the Special Inquiry Officer and the affirming decision of the Board of Immigration Appeals. The order and warrant of deportation resulting therefrom is legal and valid and has a sufficient and substantial basis in law inasmuch as the charges alleged therein were well founded and legally proven.

### VI.

The warrant of deportation was issued by authority of the District Director, Immigration and Naturalization Service, El Paso, Texas, and the petitioner herein, Miguel Zuniga, was held in custody in El Paso, Texas, within the jurisdiction of this Court.

### Conclusions of Law.

### I.

This Court has jurisdiction over the petitioner herein and this cause of action.

### II.

Petitioner herein is a native and citizen of Mexico and is not entitled to any right or claim of American citizenship of any nature whatsoever.

### III.

Petitioner herein is being held under a legal and valid order of deportation, and he should in no manner be released therefrom as a result of this cause of action. His deportation hearing was fair and impartial, was based on substantial and sufficient evidence, and afforded him due process of law.

### IV.

This Application for Habeas Corpus should be dismissed in its entirety, and the petitioner should be remanded to the complete legal custody of the District Director, Immigration and Naturalization Service, El Paso, Texas, for his further action in the premises.

### Order of the Court.

It appearing to the Court that petitioner has wholly failed to show any illegal imprisonment or restraint of liberty, any unfair or arbitrary action, any introduction of improper evidence in connection with his deportation hearing, or any valid or legal claim to Ameri-

can citizenship, and it further appearing to the Court that petitioner herein is being held in custody by virtue of a legal, valid, and binding warrant of deportation, it is, therefore, Ordered, Adjudged and Decreed by the Court that petitioner's cause of action and application herein be, and it is hereby, dismissed in all respects and, further, that said petitioner be remanded to the complete legal custody of the District Director, Immigration and Naturalization Service, El Paso, Texas, for his further actions in the premises.