**Anna DiMATTINA, formerly known as Anna Zampitella, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 73–2016.**

United States Court of Appeals, Third Circuit.

Dec. 17, 1974.

Certiorari Denied Dec. 23, 1974. See 95 S.Ct. 678.

James J. Orlow, Philadelphia, Pa., for petitioner.

John L. Murphy, Chief, Government Regulations Section, Crim. Div., Robert P. Trout, DeWitt R. Dent, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before STALEY, GIBBONS and WEIS, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

On June 17, 1974 this court entered a judgment order denying a petition for review of a deportation order of the Board of Immigration Appeals and providing that costs should be taxed against the petitioner. A bill of costs submitted

by respondent includes the cost of printing its brief. Petitioner has moved to amend the judgment to vacate the taxation of costs against her on the separate grounds that (1) 28 U.S.C. § 2412 is inapplicable because a petition for review under 8 U.S.C. § 1105a is not a civil proceeding, and (2) that 8 U.S.C. § 1105a(a)(8) requires only typewritten briefs and she should not have to pay respondent's printing bill.

■ Deportation has consistently been classified as civil. Fong Yue Ting v. United States, 149 U.S. 698, 729–730, 13 S.Ct. 1016, 37 L.Ed. 905 (1893). *See also* Harisiades v. Shaughnessy, 342 U.S. 580, 594–595, 72 S.Ct. 512, 96 L.Ed. 586 (1952); Zakonaite v. Wolf, 226 U.S. 272, 275, 33 S.Ct. 31, 57 L.Ed. 218 (1912); Santelises v. Immigration and Naturalization Service, 491 F.2d 1254, 1255 (2d Cir.), cert. denied, 417 U.S. 968, 94 S.Ct. 3171, 41 L.Ed.2d 1139 (1974). Thus the petition for review falls within 28 U.S.C. § 2412 and costs may be awarded in favor of the Immigration and Naturalization Service.

■ Petitioner's second contention is based upon 8 U.S.C. § 1105a(a)(8) which provides:

"(8) it shall not be necessary to print the record or any part thereof, or the briefs, and the court shall review the proceedings on a typewritten record and on typewritten briefs . . . ."

This statute does not say that typewritten briefs are mandatory. The Federal Rules of Appellate Procedure provide for both types of brief with no preference for either. Fed.R.App.P. Rules 28(g) and 39(c). The only limitation with respect to cost of reproduction is that the costs taxed shall be "at rates not higher than those generally charged for such work in the area where the clerk's office is located." Fed.R.App.P. Rule 39(c). Our problem is to reconcile somewhat inconsistent statutory provisions. We conclude that the specific reference in 28 U.S.C. § 2412, expressing an intention that deportation review proceedings shall proceed expeditiously and inexpensively, controls over the more general provisions of Fed.R.App.P. Rules 28(g) and 39(c), and that the Clerk may not in a proceeding under 8 U.S.C. § 1105a tax as costs the expense of printing briefs or appendices. Petitioner's motion will be granted to such extent.